**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JENNIFER SMITH on behalf of herself and others similarly situated,<br>    Plaintiff,<br><br>    v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.<br>    Defendant. | )<br>) 1:13-cv-2018<br>)<br>) Judge St. Eve<br>) Magistrate Judge Cox<br>)<br>)<br>)<br>) JURY DEMANDED |

**PARTIES' JOINT INITIAL STATUS REPORT**

**1.** **The Nature of the Case**

    **A.** **Identify the attorneys of record for each party, including the lead trial attorney.**

Plaintiff: Alexander H. Burke, Edward A. Broderick, Anthony I. Paronich and Matthew P. McCue

Defendant: James P. Gaughan, Joseph A. Cancila, Jr., Ronald S. Safer, and Virginia O. Hancock.

    **B.** **State the basis for federal jurisdiction.**

There is federal question jurisdiction for this case brought pursuant to the federal Telephone Consumer Protection Act, 47 U.S.C. §227.

    **C.** **Describe the nature of the claims asserted in the complaint and any counterclaims.**

Plaintiff alleges that State Farm, or some entity acting on its behalf, made a prerecorded and autodialed phone call to plaintiff's cellular telephone. Plaintiff alleges that this call was part of a telemarketing campaign. There are currently no counterclaims.

    **D.**    **State the major legal and factual issues in the case.**

Plaintiff asserts that the major legal and factual issue is whether State Farm can be held liable for the calls in question.

State Farm asserts that the threshold question in this case is what, if any, connection exists between the call Plaintiff received and State Farm. State Farm denies making this call and is currently unaware of the circumstances that led to the alleged call to Plaintiff. As a result, State Farm did not object to Plaintiff's issuance of a series of limited document subpoenas to non-parties to the extent those subpoenas were designed to identify who made the specific call to Plaintiff and what, if any, connection that caller has to State Farm, and whether any unauthorized use was made of State Farm's name. Plaintiff has already received responses from three subpoenas. The answers to these questions will likely determine whether this case should be voluntarily dismissed and if not, under what theories (if any) claims may be asserted against State Farm, and whether State Farm would assert third party claims (e.g., unauthorized use of State Farm's name, indemnification). The answers to the foregoing would also begin to address whether claims asserted by Plaintiff herein are susceptible to class treatment.

    **E.**    **Describe the relief sought by the plaintiff(s).**

Plaintiffs seek statutory damages of $500 per violation, and up to $1,500 per violation if proven to be willful or knowing, plus an injunction against future violations. 47 U.S.C. §227(b)(3).

**2.**    **Pending Motions and Case Plan**

    **A.**    **Identify All Pending Motions**

There are no pending motions.

State Farm plans to file a motion to dismiss on April 29. In addition, based on the information gathered through the third-party subpoenas in this case, State Farm suggests that there are allegations in the Complaint that should now be withdrawn or amended.

**B.     Submit a proposal for a discovery plan, including the following information:**

A.     <u>The general type of discovery needed;</u>

Plaintiff will need discovery as to how the calls were placed, what phone numbers were called and whether the violations were willful or knowing. Some of this information may be obtained through third party subpoenas to telephony and telemarketing companies. For example, through issuance of subpoenas, Plaintiff has already obtained approximately five thousand call records for the day Plaintiff received her call, including a record of the call to Plaintiff, from a company that specializes in making automated and prerecorded telemarketing calls. Plaintiff has also linked those calls to an auto insurance "lead generation" company that claims to have exclusive contracts with State Farm auto insurance agents. Plaintiff intends to seek information concerning State Farm's involvement and connection to these and other, similar, telemarketing calls from both State Farm and third parties.

State Farm will need discovery as to the facts relating to the named Plaintiff's claims, including what, if any, connection exists between the call Plaintiff alleges and State Farm, and whether any calls to Plaintiff made unauthorized use of State Farm's name. State Farm anticipates that such information will be collected through third-party subpoenas Plaintiff has issued or will issue. State Farm anticipates that it may also require subpoenas for documents or depositions of non-parties. Should the case continue after such threshold discovery, State Farm will need information regarding both Plaintiff's individual claim and Plaintiff's class theories, including how Plaintiff proposes to identify class members, what common facts and issues Plaintiff says predominate, and how Plaintiff intends to prove its allegations, claims and damages

on a class-wide basis. If State Farm determines that it has viable third party claims (e.g., misuse of State Farm's name, indemnification) and in the event the case survives State Farm's motion to dismiss, then State Farm may also need discovery in respect to any Third Party Complaint it may file. State Farm believes discovery should be bifurcated or phased, with any discovery addressing the named Plaintiff's individual claim or the class certification proceedings occurring before any class merits discovery.

      B.    <u>A date for Rule 26(a)(1) disclosures;</u>

May 3, 2013.

      C.    <u>A date to issue written discovery;</u>

Plaintiff suggests that written discovery be issued by May 3, 2013. Plaintiff believes that class and merits issues are intertwined, and therefore suggests that bifurcation is inappropriate in this case. Further, Plaintiff does not believe the extraordinary step of prohibiting first party discovery as State Farm suggests is appropriate here, particularly in light of the subpoena responses to-date.

State Farm notes that it did not object to Plaintiff's issuance already of a series of limited document subpoenas to non-parties to the extent those subpoenas were limited to identifying who made the specific call to Plaintiff and what, if any, connection that caller has to State Farm. Plaintiff has already received responses from three subpoenas. The results of those subpoenas may inform the need for any further discovery and, if so, the nature of that discovery. State Farm submits that any party written discovery should be deferred until after the Court rules on State Farm's motion to dismiss. Thereafter, State Farm requests phased discovery, as described above.

  D. <u>A fact discovery completion date;</u>

Plaintiff suggests that discovery close on February 28, 2014.

State Farm notes a disagreement between the parties as to the scope of this Report. State Farm suggests that the discovery schedule, including expert disclosures, should build towards a class certification hearing. Plaintiff disagrees and proposed a discovery schedule through trial. State Farm does not oppose a February 28, 2014 completion date for fact discovery relating to class certification issues. State Farm respectfully suggests that should the case move beyond the threshold issue, the focus of discovery should be on class certification issues.

  E. <u>An expert discovery completion date, including dates for the delivery of expert reports</u>;

Opening expert reports due: September 30, 3013;

Response report due 60 days thereafter;

Rebuttal reports due 45 days thereafter.

State Farm proposes these deadlines for experts relating to class certification issues. Plaintiff proposes these deadlines through trial. If Plaintiff's motion for class certification is filed before the deadline herein, then the Court shall address issues as to class certification expert witnesses at presentment of the motion.

  F. <u>A date for the filing of dispositive motions (and class certification motion)</u>.

The parties propose that the following briefing schedule in connection with Plaintiff's motion for class certification

  January 15, 2014: Deadline for Plaintiff's motion and memorandum in support of class certification

  March 3, 2014: Deadline for State Farm's opposition to class certification

  March 31, 2014:  Deadline for Plaintiff's reply in support of class certification

  April of 2014:  Class Certification Hearing.

In the event Plaintiff files a motion for class certification prior to January 15, 2014, the Court shall set a briefing schedule at the time of the presentment of that motion.

State Farm notes that, depending on the issues framed in the class certification motion and discovery, it may request an evidentiary hearing on the class certification issue.

 **C.** **With respect to trial, indicate the following:**

  **A.** **Whether a jury trial is requested; and**

  Plaintiff has requested a jury.

  **B.** **The probable length of trial; and**

Plaintiff observes that many issues in this case may be susceptible to summary judgment, and believes trial, if necessary, will likely take four days.

State Farm suggests that the probable length of the trial will depend on whether an individual claim or a class claim is tried. If only the named plaintiff's individual claim were tried, State Farm believes trial would take three to four days. If class claims were tried, State Farm believes at least a few weeks of trial would be required.

**3.** **Consent to Proceed Before a Magistrate Judge**

 The parties do not unanimously consent to proceed before the magistrate judge.

**4.** **Status of Settlement Discussions**

 At this time, plaintiff is only interested in a class settlement, and State Farm is only interested in an individual resolution, if any.

 With an eye toward class resolution, plaintiff has suggested several private mediators that have been effective in other cases. However, because TCPA damages are based upon the number

of calls made, plaintiff requires data relating to such calls before she can make a settlement demand. Discovery will need to be obtained on this issue before a demand can be made.

| /s/ Alexander H. Burke | /s/ James P. Gaughan |
|---|---|
| Alexander H. Burke<br>BURKE LAW OFFICES, LLC<br>155 N. Michigan Ave., Suite 9020<br>Chicago, IL 60601<br>(312) 729-5288<br>(312) 729-5289 (fax)<br>ABurke@BurkeLawLLC.com<br><br>Edward A. Broderick<br>Anthony I. Paronich<br>BRODERICK LAW, P.C.<br>125 Summer St., Suite 1030<br>Boston, MA  02110<br>(617) 738-7080<br>*Subject to Admission Pro Hac Vice*<br><br>Matthew P. McCue<br>THE LAW OFFICE OF MATTHEW P. MCCUE<br>1 South Ave., Third Floor<br>Natick, MA 01760<br>(508) 655-1415<br>*Subject to Admission Pro Hac Vice*<br><br>***Attorneys for Plaintiff*** | Ronald S. Safer<br>Joseph A. Cancila, Jr.<br>James P. Gaughan<br>Virginia O. Hancock<br>SCHIFF HARDIN LLP<br>233 S. Wacker Drive, Suite 6600<br>Chicago, Illinois 60606<br>Telephone:  (312) 258-5500<br>Fax:  (312) 258-5600<br>Firm ID No. 90219<br><br>***Attorneys for State Farm Mutual Automobile Insurance Company*** |

CH2\12885690.2