IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JENNIFER SMITH, et al., <br><br> Plaintiffs, <br><br> v. <br><br> STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, et al. <br><br> Defendants. | Case No. 1:13-cv-2018 <br><br> Hon. Amy J. St. Eve |

### DECLARATION OF JONATHAN D. SELBIN IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL

I, Jonathan D. Selbin, declare as follows:

1. I am a member of the law firm of Lieff Cabraser Heimann & Bernstein, LLP ("LCHB"), Court-appointed interim lead counsel for Plaintiffs and the proposed Class in this matter, and the partner at LCHB responsible for this case. I am admitted to this Court's general bar and am a member in good standing of the bars of the States of California and New York, and the bar of the District of Columbia. I respectfully submit this declaration in support of Plaintiffs' motion for preliminary approval of class action settlement. Except as otherwise noted, I have personal knowledge of the facts set forth in this declaration, and could testify competently to them if called upon to do so.

2. I have overseen all of the legal work performed in this case since LCHB's appointment as interim lead class counsel, and all of the work at LCHB since we became involved in the case. This has included a complex, data- and expert-intensive discovery effort that unearthed important telephone records in Morocco; supervising Plaintiffs' opposition to Defendants' motions to dismiss; overseeing Plaintiffs' successful opposition to Defendants' motion to strike class allegations and dismiss individual claims; directing Plaintiffs' motion for

- 1 -

class certification; and serving as lead negotiator for Plaintiffs in settlement talks with State Farm.

**History of the Litigation**

3. **The *Smith* Action.** On March 15, 2013, Plaintiff Jennifer Smith filed a class action complaint against State Farm in the United States District Court for the Northern District of Illinois, Case No. 1:13-cv-02018. Smith alleged that State Farm violated the TCPA by using an automatic telephone dialing system and/or an artificial prerecorded voice to call cellular telephones without the prior express consent of Smith and the potential class members. On May 30, 2013, Smith filed an amended class action complaint in the Smith action (Dkt. 29), identifying Variable Marketing, LLC ("Variable") and claiming that State Farm was liable under the TCPA for phone calls placed by Variable using an automatic telephone dialing system and/or an artificial prerecorded voice to call cellular telephones without the prior express consent of Smith and the potential class members.

4. State Farm moved to dismiss the Amended Complaint on June 24, 2013. Dkt. Nos. 33, 34. On September 23, 2013, the Court dismissed the Amended Complaint without prejudice, finding that Smith had insufficiently alleged that State Farm was liable under a theory of vicarious liability.

5. On October 11, 2013, Smith filed her Second Amended Class Action Complaint, setting forth new allegations concerning State Farm's vicarious liability for calls made by Variable. Dkt. No. 53.

6. **The *Blotzer* Action.** On August 1, 2013, plaintiffs Casey Blotzer, Josh Friedman and Jillian Green filed a class action complaint against State Farm and Instant Insurance Marketing a/k/a Instant Insurance Transfers captioned *Blotzer, et al. v. State Farm, et al.*, Case No.: 13CV1797 JAH NLS (S.D. Cal.) (the "Blotzer Action"). The complaint alleged that State Farm was liable under the TCPA for phone calls placed by Instant Insurance Marketing without the prior express consent of the plaintiffs and the potential class members. The Blotzer Action was subsequently transferred to the Northern District of Illinois by Order of the U.S. District

Court Judge John A. Houston dated October 8, 2013 and thereafter assigned to Judge Joan B. Gottschall of the Northern District of Illinois under Case No. 13-cv-07389.

7. **The *Primack* Action.** On September 18, 2013, plaintiffs Merrill Primack and Matt Clark filed a class action complaint in the Northern District of Illinois against State Farm; Freddie Villacci, Jr., and Freddie Villacci, Jr. Insurance Agency, Inc. (together, "Villacci"); and Does 1-10 captioned *Primack, et al. v. State Farm, et al.*, Case No. 1:13-cv-06694 (N.D. Ill.) (the "Primack Action"). The complaint alleged that State Farm and Villacci were liable under the TCPA for phone calls placed by Auto Insurance Placement Center without the prior express consent of the plaintiffs and the potential class members.

8. **The *Matejovich* Action.** On October 4, 2013, Sean Matejovich, Chris Stock, Stuart Benson and Brennan Landy filed a class action complaint in the Northern District of Illinois against American Automobile Association, Inc. ("AAA"), Farmers Group, Inc. ("Farmers"), Government Employees Insurance Company ("GEICO"), Nationwide Mutual Insurance Company ("Nationwide"), State Farm and Variable captioned *Matejovich, et al. v. American Automobile Association, Inc., et al.*, Case No.: 1:13-cv-07149 (N.D. Ill.) (the "Matejovich Action"). The Matejovich Action sought to hold a number of insurers, including State Farm, responsible for phone calls placed by Variable using an automatic telephone dialing system and/or an artificial prerecorded voice to call cellular telephones without the prior express consent of plaintiffs and the potential class members.

9. **Discovery Obstacles.** Obtaining discovery from Variable posed a particular challenge in this litigation. Variable repeatedly refused to respond to routine discovery requests and communications about discovery matters. Plaintiffs therefore spent an extraordinary amount of time and effort obtaining discovery from Variable, including lead data, contracts with State Farm agents, and other relevant discovery.

10. On October 27, 2014, Plaintiffs filed a Motion to Compel Discovery Responses from Variable, which the Court granted on November 12, 2014. (Dkt. Nos. 168, 173). After Variable defied the Court's Order requiring Variable to fully respond to all discovery requests,

Plaintiffs asked the Court to require Variable principal Jeffrey Schaffer to appear before the Court, produce responsive discovery, and show cause why he should not be held in contempt. Dkt. No. 181. The Court scheduled a Show Cause hearing on January 14, 2015, which Variable and Schaffer failed to attend, and set a contempt hearing for January 28, 2015, which Variable Marketing and Schaffer also failed to attend. Dkt. Nos. 192, 198. After finding that there was no reason Variable Marketing should not be held in contempt, the Court requested further briefing on the issue of contempt sanctions against Schaffer. Dkt. No. 198.

11. On January 31, 2015, Schaffer appeared through counsel and declared his intent to comply with the Court's orders. Dkt. No. 200. After requesting extensions of time to comply, during which time the parties continued to meet and confer about various discovery matters, Schaffer filed an affidavit indicating his full compliance with the discovery requests on May 8, 2015. Dkt. No. 215. Mr. Schaffer was deposed on October 3, 2015, a Saturday, but refused to answer several categories of questions and left the deposition after two hours and forty-seven minutes of questioning by Plaintiffs' counsel. Dkt. No. 234. Plaintiffs again moved to compel compliance, eventually leading the Court to Order Schaffer to file another affidavit containing further discovery responses, produce additional responsive records that had not been produced in response to the previous discovery requests, and sit for a continued deposition. Dkt Nos. 241, 243, 244.

12. **Expert Work and Class Certification Briefing.** The parties engaged in robust expert work and discovery. Plaintiffs disclosed Jeffrey A. Hansen, a forensic expert who specializes in investigating and analyzing electronic data. Hansen has extensive experience with data warehousing, and has personally used, assembled, configured, customized, maintained, and operated all aspects of autodialers. Using call and lead data obtained through discovery from the Variable database, Hansen identified the persons who comprise the proposed Class. State Farm, meanwhile, disclosed its own expert, Debra J. Aron, to challenge Hansen's findings.

13. The parties fully briefed class certification. On March 1, 2016, Plaintiffs moved to certify a Class consisting of persons who received automated telephone calls on their cellular

telephones, and whose lead information was transferred to agents of State Farm, between January 1, 2012 and September 29, 2013. Dkt. No 266. State Farm filed its Opposition (Dkt. No. 287), to which Plaintiff filed a Reply (Dkt. No. 291).

14. **Settlement Negotiations.** Settlement negotiations in this case were prolonged and hard-fought, spanning many months. They included multiple Court-ordered, in-person, and telephonic mediation sessions before the Honorable Susan E. Cox. After Plaintiffs filed the class certification Motion but before State Farm filed its Opposition, the parties held a mediation conference before Magistrate Judge Cox on March 17, 2016, prior to which both parties submitted detailed briefs. The parties differed sharply over both the dollar amount of relief to be provided to the proposed Class and the structure of the settlement fund itself. The initial daylong mediation conference was productive but did not ultimately result in a class settlement.

15. After Plaintiffs' class certification motion was fully briefed, the parties resumed settlement discussions, ultimately reaching agreement in principle on April 28, 2016. Since that time, the parties have negotiated final details of the Settlement Agreement. These negotiations were non-collusive and adversarial, and at times it appeared that the Settlement would not be finalized and the parties would resume litigating.

16. **Relief to the Class.** Attached hereto as **Exhibit 1** is a true and correct copy of the executed Settlement Agreement. Class Counsel and Plaintiffs strongly endorse this Settlement. It was informed by Class Counsel's analysis of the factual and legal issues involved in the case. Counsel's judgment was based upon extensive discovery—including call data and testimony from State Farm, Variable, and a relevant non-party, along with expert analysis—and Class Counsel's legal analysis was refined through the adversarial process of briefing Plaintiffs' Motion for Class Certification. Class Counsel possess the discovery necessary to confirm that the Settlement is fair, reasonable, and adequate.

17. While it is not possible to predict the precise amount of the Cash Awards until Requests for Exclusion are received and any undeliverable Notices are returned, Class Counsel conservatively estimate awards in the range of at least $60 after deductions for Court-approved

attorneys' fees and costs, Court-approved incentive awards to the Plaintiffs, and costs of notice and claims administration.

18. Working with co-counsel, LCHB will work jointly with State Farm to oversee administration of the notice and claims program consistent with the Court's orders, and will manage the team of attorneys, third parties and support staff in order to achieve a just and efficient outcome for Class members.

**Background and Experience**

19. LCHB is a national law firm with offices in San Francisco, New York, Nashville, and Seattle. LCHB's practice focuses on complex and class action litigation involving product liability, consumer, employment, financial, securities, environmental, and personal injury matters. Attached hereto as **Exhibit 2** is a true and correct copy of LCHB's current firm resume, showing some of the firm's experience in complex and class action litigation. This resume is not a complete listing of all cases in which LCHB has been class counsel or otherwise counsel of record.

20. LCHB has actively and successfully litigated—and has specifically been at the forefront of—class action lawsuits under the Telephone Consumer Protection Act ("TCPA"). TCPA cases in which LCHB has served as Class Counsel in such actions and in which I played a lead role include the following:

    a. *In Re: Capital One Telephone Consumer Protection Act Litigation*, Master Dkt. No. 12-cv-10064, MDL No. 2416 (N.D. Ill.) (served as court-appointed co-lead counsel; nationwide $75.455 million settlement; final approval granted in 2015);

    b. *Wilkins v. HSBC Bank Nev., N.A.,* Case No. 14-cv-190 (N.D. Ill.) (nationwide $39.975 million settlement; final approval granted in 2015);

    c. *Bayat v. Bank of the West*, Case 3:13-cv-02376-EMC (N.D. Cal.) (multistate $3.35 million settlement; final approval granted in 2015);

    d. *Franklin v. Wells Fargo Bank N.A.*, Case No.: 14-cv-2349 (S.D. Cal.) (nationwide $13.859 million settlement; final approval granted on January 29, 2016);

  e. *Rose, et al. v. Bank of America Corp., et al.*, No. 11-cv-02390 (N.D. Cal.) (nationwide $32.08 million settlement; final approval granted in 2014);

  f. *Steinfeld v. Discover Financial Services, et al.*, 3:12-cv-01118-JSW (N.D. Cal.) (nationwide $8.7 million settlement; final approval granted in 2014);

  g. *Wannemacher v. Carrington Mortgage Services LLC*, Case No. 8:12-cv-02016-FMO-AN (C.D. Cal.) (nationwide $1.035 million settlement; final approval granted in 2014);

  h. *Arthur, et al. v. Sallie Mae, Inc.*, No. C10-0198 JLR (W.D. Wash.) (nationwide $24.15 million settlement; final approval granted in 2012);

  i. *Brown v. Directv LLC, et al.*, Case No. 2:13-cv-01170-DMG-E (C.D. Cal.) (pending);

  j. *Ossola v. American Express Co., et al.*, Case No. 1:13-CV-4836 (N.D. Ill) (pending);

  k. *Thomas v. Dun & Bradstreet Credibility Corp.*, Case No. 2:15-cv-03194-BRO-GJS (C.D. Cal.) (pending);

  l. *Jenkins v. National Grid USA, et al.*, Case No. 2:15-cv-01219-JS-GRB (E.D.N.Y.) (pending);

  m. *Pritchard v. Comenity Bank*, Case No. 2:15-cv-05994-KM-MAH (D. N.J.) (pending);

  n. *Markos v. Wells Fargo Bank, N.A.*, No. 1:15-cv-01156 (N.D. Ga) (pending);

  o. *Cross v. Wells Fargo Bank, N.A.*, No. 1:15-cv-01270 (N.D. Ga) (pending);

  p. *Prather v. Wells Fargo Bank, N.A.*, No. 1:15-cv-04231 (N.D. Ga) (pending); and

  q. *Luster v. Wells Fargo Dealer Services, Inc.*, No. 1:15-cv-1058 (N.D. Ga) (pending).

21.  In addition to these TCPA cases, LCHB has extensive experience in the litigation, trial and settlement of class actions in complex economic injury consumer and product defect cases.  Cases in which LCHB has served as Class Counsel and in which I played a lead role include:

a. *In re Sears Roebuck and Co. Front-Loading Washer Products Liability Litigation (CCU Claims)*, No. 06 C 7023 (N.D. Ill.) (nationwide settlement involving allegedly defective front-load washers; final approval granted in 2016);

b. *Tait v. BSH Home Appliances Corp.*, Case No.: SACV 10-0711-DOC (ANx) (C.D. Cal.) (nationwide settlement involving allegedly defective front-load washers; final approval granted in 2015).

c. *Yarger, et al. v. Capital One, N.A. successor by merger to ING Bank, F.S.B., d/b/a ING Direct*, No. 11-154-LPS (D. De.) (multi-state litigation class certified and survived Rule 23(f) appeal; nationwide settlement involving alleged false advertising of mortgages; final approval granted in 2014);

d. *Ross v. Trex Co., Inc.*, No. 09-cv-00670 JF (N.D. Cal.) (nationwide settlement class involving defective composite decking; final approval of settlement covering part of case granted in 2010; final approval of settlement covering remaining case granted in 2013);

e. *In Re: Imprelis Herbicide Marketing, Sales Practices And Products Liability Litigation*, No. 2:11-md-02284-GP (E.D. Pa.) (nationwide settlement involving defective herbicide; final approval granted in 2013);

f. *McLennan, et al. v. LG Electronics USA, Inc.*, No. 2:10-cv-03604-WJM-MF (D.N.J.) (nationwide settlement involving defective refrigerators; final approval granted in 2012);

g. *In re Mercedes-Benz Tele Aid Contract Litigation*, MDL No. 1914 (D.N.J.) (nationwide litigation class certified and Rule 23(f) and Rule 1292(b) appeals defeated

in case involving Mercedes' alleged deception relating to its Tele Aid service; nationwide settlement class; final approval granted in 2011);

   h. *Glenz, et al. v. Sharp Electronics Corp.*, No. 2:08-cv-03652-FSH-MAS (D.N.J.) (nationwide settlement class involving defective projector bulbs; final approval granted 2011);

   i. *Carideo, et al. v. Dell, Inc.*, No. C06-1772 JLR (W.D. Wash.) and *Omstead, et al. v. Dell, Inc.*, No. C06-6293 PJH (N.D. Cal.) (nationwide settlement class involving computer defect; final approval granted in 2010);

   j. *Fulford v. Logitech, Inc.*, No. 08-cv-02041 MMC (N.D. Cal.) (nationwide settlement class involving false advertising claims related to remote controls; final approval granted in 2010);

   k. *Create-a-Card v. Intuit*, No. CV-07-6452 WHA (N.D. Cal.) (nationwide settlement class involving faulty computer code; final approval granted in 2009);

   l. *Pelletz v. Weyerhaeuser Company and Advanced Environmental Technologies, Inc.*, No. C08-0334 JCC (W.D. Wash.) (nationwide settlement class involving defective composite decking; final approval granted in 2009);

   m. *Grays Harbor Adventist Christian School v. Carrier Corporation*, No. CV05-5437 (W.D. Wash.) (Washington litigation class involving defective furnaces certified; nationwide settlement class; final approval granted in 2008);

   n. *Weekend Warrior Trailer Cases*, Judicial Coordination Proceeding No. 4455 (Orange County, CA) (nationwide settlement class involving defective recreational trailers; final approval granted in 2008);

   o. *Richina v. Maytag Corp.*, Case No. CV025202 (San Joaquin County, California) (California settlement class involving defective oven panels; final approval granted in 2007);

   p. *Lundell v. Dell, Inc.*, No. C05-3970 JW/RS (N.D. Cal.) (nationwide settlement class involving defective computers; final approval granted in 2006);

q. *Kan v. Toshiba America Information Systems, Inc*., No. BC327273 (Los Angeles County, California) (nationwide settlement class involving defective computers; final approval granted in 2006);

r. *Behr Wood Sealant Cases*, JCCP Nos. 4132 & 4138 (San Joaquin County, California) (nationwide settlement class involving defective wood sealant; final approval granted in 2003);

s. *Richison v. American Cemwood Corp*., Civil Action No. 005532 (San Joaquin County, California) (nationwide litigation class involving defective shingles certified and upheld on writ review; nationwide settlement classes final approval granted in 2000 and 2003);

t. *Williams v. Weyerhaeuser Co*., Civil Action No. 995787 (San Francisco County, California) (California litigation class involving defective siding certified in 1999; nationwide settlement class final approval granted in 2000);

u. *Delay v. Hurd Millwork Co*., No. 972-073710 (Spokane County, Washington) (multi-state settlement class involving defective windows; final approval granted in 1998);

v. *Naef v. Masonite*, No. CV-94-4033 (Mobile County, Alabama) (nationwide litigation class certified in 1995, nationwide settlement class involving defective siding final approval granted in 1998);

w. *Bettner v. Georgia-Pacific*, No. CV-95-3330-RGK (Mobile County, Alabama) (nationwide settlement class involving defective siding; final approval granted in 1998);

x. *ABS Pipe Cases II*, JCCP No. 3126 (Contra Costa County, California) (nationwide settlement classes involving defective pipes; final approval granted in 1998 through 2001);

y. *In re: Louisiana-Pacific Co. Inner-Seal Siding Litigation*, No. CV-95-879 JO-LEAD (U.S.D.C. Oregon) (nationwide settlement class involving defective siding; final approval granted in 1996); and

z. *Cox v. Shell*, Civil No. 18,844 (Obion County, Tennessee) (nationwide settlement class involving defective polybutylene pipes; final approval granted in 1995).

22. I was the lead partner at LCHB who litigated and settled all of the TCPA cases described above, as well as *Sears*, *BSH*, *ING, Imprelis*, *LG*, *Mercedes*, *Sharp*, *Carideo v. Dell*, *Omstead v. Dell*, *Trex*, *Logitech*, *Intuit*, *Pelletz v. Weyerhaeuser*, *Grays Harbor v. Carrier*, *Richina v. Maytag*, *Weekend Warrior Trailer Cases*, *Lundell v. Dell*, and *Kan v. Toshiba*, and was one of the lead partners at LCHB who litigated and settled the *BSH*, *Behr*, *Cemwood*, *Weyerhaeuser*, and *Hurd* matters. As an associate, I was a primary participant in LCHB's litigation and settlement of the *Masonite Hardboard Siding*, *Louisiana-Pacific Inner-Seal Siding*, and *Georgia-Pacific Hardboard Siding* litigations.

23. A number of courts in the above cases have praised LCHB's (and my) efforts on behalf of Plaintiffs:

a. In *Wilkins v. HSBC Bank Nevada, N.A.*, Judge James F. Holderman of the Northern District of Illinois commented on "the excellent work" and "professionalism" of LCHB and its co-counsel in securing a $39.975 million non-reversionary cash settlement in that TCPA class action.

b. In *In Re Mercedes-Benz Tele Aid Contract Litigation*, Judge Dickinson R. Debevoise stated: "I want to thank counsel for the. . . very effective and good work. . . . It was carried out with vigor, integrity and aggressiveness with never going beyond the maxims of the Court."

c. In *Glenz v. Sharp Electronics Corp.*, Judge Faith S. Hochberg stated:

> I want to commend counsel for all the hard work you all put into this case, for retaining an excellent mediator, for getting it managed efficiently and settled expeditiously, rather than letting the case drag on endlessly without settling it. It really

- 11 -

1312001.2

>is the way they should be done. I wish they were all done this way. That doesn't always happen, as I'm sure you know. I'm particularly concerned about this proliferation of multiple class actions being filed with races to courts by lawyers who really are just fighting over fees. It's an enormous waste of judicial resources. So when that happens – didn't happen here, I'm delighted.

        d.      In *Create-a-Card v. Intuit*, Judge William Alsup commended LCHB for the "excellent job in the case as class counsel," and stated that "the class has been well represented having you and your firm in the case."

    24.      In addition to the cases detailed in Paragraph 4, I am currently serving in the following Court-appointed capacities:

        a.      I currently serve as one of three Court-appointed Rule 23(g) co-lead counsel in *In Re: Navistar Maxxforce Engines Marketing, Sales Practices and Products Liability Litigation*, MDL No. 2590 (N.D. Ill.), a case involving alleged concealment that certain Navistar trucks were equipped with diesel engines that contain a defective emission system that cause the trucks to suddenly break down;

        b.      I currently serve as Court-appointed lead counsel in *In re Whirlpool Corporation Front-Loading Washer Products Liability Litigation,* MDL No. 2001 (N.D. Ohio)**,** a case involving Whirlpool's allegedly defective front-loading washers in which the court certified a litigation class in July 2010, and preliminarily approved a class settlement in May 2016. The Sixth Circuit affirmed class certification in *In re: Whirlpool Corporation Front-Loading Washer Products Liability Litigation*, 678 F.3d 409 (6th Cir. 2012), reh'g en banc denied, 2012 U.S. App. LEXIS 12560 (June 18, 2012), vacated, 133 S. Ct. 1722 (2013), reinstated, 722 F.3d 838 (6th Cir. 2013);

        c.      I previously served as one of two court-appointed co-lead counsel in *In Re: Capital One Telephone Consumer Protection Act Litigation*, MDL No. 2416 (N.D. Ill.), a TCPA case which resolved for the largest amount in TCPA history;

d. I previously served as one of four court-appointed co-lead counsel in *In Re: Imprelis Herbicide Marketing, Sales Practices & Products Liability Litigation*, MDL No. 2284 (E.D. Pa.), a case involving DuPont's Imprelis, which allegedly caused harm to trees and other non-target vegetation. A nationwide settlement was approved in 2013 that has paid out approximately $575 million in cash to date to property owners;

e. I previously served as one of three court-appointed co-lead counsel in *In re Mercedes-Benz Tele Aid Contract Litigation*, MDL No. 1914 (D.N.J.), a case involving Mercedes' alleged deception relating to its Tele Aid service. After certification of a nationwide litigation class and affirmance in the Third Circuit, a nationwide settlement provided for automatic payments of up to $650 cash or $1300 credit per car.

25. I have argued in the Sixth Circuit Court of Appeals in *In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 678 F.3d 409 (6th Cir. 2012), reh'g en banc denied, 2012 U.S. App. LEXIS 12560 (June 18, 2012), vacated, 133 S. Ct. 1722 (2013), reinstated, 722 F.3d 838 (6th Cir. 2013), the Ninth Circuit Court of Appeals in *Omstead v. Dell, Inc*., 594 F.3d 1081 (9th Cir. 2010), and *Oestreicher v. Alienware Corp*., 322 Fed.Appx. 489 (9th Cir. 2009), and in the Fifth Circuit Court of Appeals in *McManus v. Fleetwood Ent. Inc*., 320 F.3d 545 (5th Cir. 2003), as well as in several state supreme and appeals courts. I am also appellate counsel in *Butler v. Sears*, 702 F.3d 359 (7th Cir. 2012), reh'g en banc denied, 2012 U.S. App. LEXIS 26202 (Dec. 19, 2012), vacated, 133 S. Ct. 2768 (2013), reinstated, 2013 U.S. App. LEXIS 17748 (7th Cir. Aug. 22, 2013), writ of certiorari denied, 134 S. Ct. 1277 (2014).

26. I graduated magna cum laude from Harvard Law School in 1993 and clerked for The Honorable Marilyn Hall Patel of the U.S. District Court for the Northern District of California between 1993 and 1995. I have worked at LCHB since 1995, starting as an associate and advancing through to partnership. As set forth above, I have extensive experience in litigating class actions.

27. Together, the cases described above have resulted in court-approved class action settlements, with a combined total recovery for class members exceeding $2.5 billion in cash,

plus other relief. The TCPA class settlements described in paragraph 18 above total over $200 million in non-reversionary cash paid by defendants. LCHB's experience in these cases, and my experience in particular, has provided LCHB and me with expertise in the legal, factual, management, notice, and administration issues that characterize these types of class actions.

28. Based on my experience and in my professional opinion, and in light of all that has occurred in this litigation and remained to be done, and the risks associated therewith, the Settlement is fair, adequate, and reasonable and in the best interests of the Class.

29. Plaintiffs' counsel have conferred with all of the class representatives and they support the Settlement.

*   *   *

I declare under penalty of perjury of the laws of Illinois and the United States that the foregoing is true and correct, and that this declaration was executed in Atlanta, Georgia on August 2, 2016.

<em>/s/ Jonathan D. Selbin</em><br>Jonathan D. Selbin