# EXHIBIT 1

<u>**SETTLEMENT AGREEMENT AND RELEASE**</u>

This Settlement Agreement and Release (the "Settlement Agreement") is entered into by and between plaintiffs Jennifer Smith ("Smith") and Shawn Matejovich ("Matejovich") (together, "Plaintiffs"), for themselves and the Settlement Class Members (as defined below), on the one hand, and, on the other hand, State Farm Mutual Automobile Insurance Company ("State Farm"). Plaintiffs and State Farm are referred to collectively in this Settlement Agreement as the "Parties."

## I.    <u>RECITALS</u>

**1.1**    On March 15, 2013, Smith filed a class action complaint in the Northern District of Illinois against State Farm captioned *Smith v. State Farm Mutual Automobile Insurance Company*, Case No.: 1:13-cv-02018 (N.D. Ill.) (the "*Smith* Action"). The complaint alleged that State Farm violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. (the "TCPA") by initiating phone calls using an automatic telephone dialing system and/or an artificial prerecorded voice to call cellular telephones without the prior express consent of Smith and the potential class members.

**1.2**    On May 30, 2013, Smith filed an amended class action complaint in the *Smith* Action (Dkt. 29), identifying Variable Marketing, LLC ("Variable") and claiming that State Farm was liable under the TCPA for phone calls placed by Variable using an automatic telephone dialing system and/or an artificial prerecorded voice to call cellular telephones without the prior express consent of Smith and the potential class members.

**1.3**    On August 1, 2013, plaintiffs Casey Blotzer, Josh Friedman and Jillian Green filed a class action complaint against State Farm and Instant Insurance Marketing a/k/a Instant Insurance Transfers captioned *Blotzer, et al. v. State Farm, et al.,* Case No.: 13CV1797 JAH NLS (S.D. Cal.) (the "*Blotzer* Action"). The complaint alleged that State Farm was liable under the TCPA for phone calls placed by Instant Insurance Marketing without the prior express consent of the

plaintiffs and the potential class members.  The *Blotzer* Action was subsequently transferred to the Northern District of Illinois by Order of U.S. District Court Judge John A. Houston dated October 8, 2013 and thereafter assigned to Judge Joan B. Gottschall of the Northern District of Illinois under Case No. 13-cv-07389.

 **1.4** On September 18, 2013, plaintiffs Merrill Primack and Matt Clark filed a class action complaint in the Northern District of Illinois against State Farm; Freddie Villacci, Jr., and Freddie Villacci, Jr. Insurance Agency, Inc. (together, "Villacci"); and Does 1-10 captioned *Primack, et al. v. State Farm, et al.* Case No. 1:13-cv-06694 (N.D. Ill.) (the "*Primack* Action"). The complaint alleged that State Farm and Villacci were liable under the TCPA for phone calls placed by Auto Insurance Placement Center without the prior express consent of the plaintiffs and the potential class members.

 **1.5** On September 26, 2013, State Farm reminded State Farm Agents that State Farm prohibits the use of an automated dialer by State Farm Agents or their vendors and alerted State Farm Agents that Variable may have used such a device.  In addition, over the course of this Litigation, State Farm updated its Do Not Solicit Guidelines to reinforce and clarify State Farm's policy against State Farm Agents or their vendors using an automated dialer or pre-recorded voice.

 **1.6** On October 4, 2013, Matejovich, Chris Stock, Stuart Benson and Brennan Landy filed a class action complaint in the Northern District of Illinois against American Automobile Association, Inc., Farmers Group, Inc., Government Employees Insurance Company, Nationwide Mutual Insurance Company, State Farm and Variable captioned *Matejovich, et al. v. American Automobile Association, Inc., et al.*, Case No.: 1:13-cv-07149 (N.D. Ill.) (the "*Matejovich* Action").  The *Matejovich* Action sought to hold a number of insurers, including State Farm, responsible for phone calls placed by Variable using an automatic telephone dialing system and/or

an artificial prerecorded voice to call cellular telephones without the prior express consent of plaintiffs and the potential class members.

1.7     On October 21, 2013, November 5, 2013, and November 18, 2013, the *Primack* Action, the *Blotzer* Action, and the *Matejovich* Action, respectively, were transferred to the Honorable Amy J. St. Eve, the District Court Judge presiding over the *Smith* Action, and ultimately consolidated with the *Smith* Action under Case No.: 13-cv-02018.

1.8     On January 21, 2014, the District Court in the now consolidated *Smith* Action appointed Jonathan D. Selbin of Lieff, Cabraser, Heimann & Bernstein, LLP as interim lead class counsel ("Lead Class Counsel") and Alexander H. Burke of Burke Law Offices, LLC as interim liaison class counsel ("Liaison Class Counsel") (together, "Interim Class Counsel") over the consolidated *Smith* Action.  Dkt. 101.

1.9     On February 4, 2014, plaintiffs Smith, Matejovich, Josh Friedman, Merrill Primack, Stuart Benson, Brennan Landy and Matt Clark filed a Consolidated Master Class Action Complaint against State Farm; Farmers Insurance Exchange, Fire Insurance Exchange, Truck Insurance Exchange, Mid-Century Insurance Company (together, "Farmers"); Nationwide Mutual Insurance Company ("Nationwide"); and Variable, a/k/a Instant Insurance Marketing a/k/a Instant Insurance Transfers a/k/a Auto Insurance Placement Center.  Dkt. 111.  The Consolidated Master Class Action Complaint superseded the prior complaint in the *Smith* Action as well as the complaints filed in the *Blotzer*, *Primack* and *Matejovich* Actions.  Dkt. 101.  The Consolidated Master Complaint contained allegations relating to Variable's use of automated calls, as well as claims relating to violations of the "Do Not Call" provisions under the TCPA.  Former plaintiffs Casey Blotzer, Jillian Green and Chris Stock and former defendant Villacci were omitted from the Consolidated Master Class Action Complaint and thereby terminated from the *Smith* Action.

3

**1.10** On August 11, 2014, the District Court entered a Memorandum Opinion and Order dismissing Nationwide and Farmers from the *Smith* Action. Dkt. 146. In the same Order, the Court denied State Farm's motion to dismiss Plaintiffs' claims. *Id.*

**1.11** On September 4, 2014, plaintiffs Smith, Matejovich, Merrill Primack, Matt Clark and Josh Friedman filed a First Amended Consolidated Master Class Action Complaint (hereinafter the "Master Complaint") against State Farm and Variable, a/k/a Instant Insurance Marketing a/k/a Instant Insurance Transfers a/k/a Auto Insurance Placement Center. Dkt. 153. Former plaintiffs Stuart Benson and Brennan Landy were omitted from the Master Complaint and thereby terminated from the *Smith* Action.

**1.12** In a January 13, 2015 ruling on State Farm's motion to strike Plaintiffs' class allegations, the Court found that "[w]hile State Farm may ultimately prevail on one or more of these arguments at the class certification stage, Plaintiffs are first entitled to conduct further class discovery to determine the extent to which they can refute these arguments by linking the Variable calls to State Farm." Dkt. 190. Thereafter, Plaintiffs focused their class theories on the leads that Variable generated and then sold to State Farm Agents. Stated another way, the Parties understood that the Court had rejected Plaintiffs' class theory to hold State Farm liable for all of the calls made by Variable.

**1.13** On January 13, 2015, the District Court entered an Order dismissing plaintiff Josh Friedman from the *Smith* Action. Dkt. 190.

**1.14** On October 13, 2015, the District Court entered an Order dismissing plaintiff Merrill Primack from the *Smith* Action. Dkt. 236.

**1.15** On November 19, 2015, the District Court entered an Order dismissing plaintiff Matt Clark from the *Smith* Action. Dkt. 243.

4

**1.16**    Plaintiffs in their individual capacity will dismiss Variable, with prejudice, from this Litigation concurrently with entry of the Final Approval Order.  Such dismissal will be deemed final and shall have the same effective date as the Final Judgment set forth in Section 12.1.

**1.17**    State Farm denies all material allegations contained in the Master Complaint and the predecessor complaints.  State Farm specifically denies that it used automated dialers or prerecorded voice messages to call Plaintiffs or potential class members without their prior express consent; that it could be held vicariously liable for Variable's alleged use of automated dialers or prerecorded voice messages to call Plaintiffs or potential class members without their prior express consent; that it violated the TCPA; and that Plaintiffs and potential class members are entitled to any relief.  State Farm further contends that the allegations contained in the Master Complaint are not amenable to class certification.  Nevertheless, given the risks, uncertainties, burden, and expense of continued litigation, State Farm has agreed to settle all claims alleged in the Master Complaint on the terms set forth in this Agreement, subject to Court approval.

**1.18**    This Settlement Agreement resulted from good faith, arms'-length settlement negotiations over many months, including Court-ordered in-person and telephonic mediation sessions before the Honorable Susan E. Cox.  Plaintiffs and State Farm submitted detailed mediation submissions to Judge Cox setting forth their respective views as to the strengths of their cases.  Additionally, Plaintiffs have reviewed data and documents produced by Variable, State Farm, and pursuant to third-party subpoenas and have identified the persons in the Settlement Class through the Variable lead database.

**1.19**    The Parties understand, acknowledge, and agree that the execution of this Settlement Agreement constitutes the settlement and compromise of disputed claims.  This Settlement Agreement is inadmissible as evidence against any of the Parties in this or any other

litigation except to enforce the terms of the Settlement Agreement and it is not an admission of wrongdoing or liability on the part of any Party to this Settlement Agreement. The Parties desire and intend to effect a full, complete and final settlement and resolution of all existing disputes and claims as set forth herein.

**1.20** The Settlement contemplated by this Settlement Agreement is subject to preliminary approval and final approval by the Court, as set forth herein. This Settlement Agreement is intended by the Parties to fully, finally, and forever resolve, discharge and settle the Released Claims, upon and subject to the terms and conditions hereof.

## II.    <u>DEFINITIONS</u>

**2.1** "Agreement" or "Settlement Agreement" or "Settlement" means this Settlement Agreement and Release between Plaintiffs and State Farm and each and every exhibit attached hereto.

**2.2** "*Blotzer* Action" means the class action filed on August 1, 2013 by plaintiffs Casey Blotzer, Josh Friedman and Jillian Green against State Farm and Instant Insurance Marketing a/k/a Instant Insurance Transfers in the U.S. District Court for the Southern District of California captioned *Blotzer, et al. v. State Farm*, et al., Case No.: 13CV1797 JAH NLS (S.D. Cal.) and subsequently transferred to the Northern District of Illinois and consolidated with the *Smith* Action.

**2.3** "CAFA Notice" refers to the notice pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715(b) to be provided by the Claims Administrator pursuant to Section 8.5 of this Agreement.

**2.4** "Cash Award" means a cash payment from the Settlement Fund to an eligible Settlement Class Member.

**2.5** "Claims Administration" means the activities of the Claims Administrator consistent with the terms of this Settlement, which will be reflected in a contract with the Claims Administrator.

**2.6** "Claims Administrator" means Rust Consulting ("Rust").

**2.7** "Class Counsel" means the following law firms and the attorneys associated with those law firms:

        a.      Lieff Cabraser Heimann & Bernstein, LLP;

        b.      Burke Law Offices, LLC;

        c.      Broderick & Paronich Law, P.C.;

        d.      Law Offices of Matthew McCue;

        e.      Meyer Wilson Co., LPA; and

        f.      Edelman, Combs, Latturner & Goodwin, LLC.

**2.8** "Class Notice" means any type of notice that has been or will be provided to the Settlement Class pursuant to this Agreement and any additional notice that might be ordered by the Court.

**2.9** "Class Period" means from January 1, 2012 through October 1, 2013.

**2.10** "Class Representatives" means Plaintiffs Smith and Matejovich.

**2.11** "Court" means the United States District Court for the Northern District of Illinois, and U.S. District Judge Amy J. St. Eve., to whom the *Smith* Action was assigned and the *Blotzer*, *Primack*, and *Matejovich* Actions were transferred and before whom the Master Complaint was filed on September 4, 2014 (Dkt. 153).

**2.12** "Effective Date" means the date when the judgment (as described in Section XII below) has become final.

**2.13** "Final Approval Hearing" means the hearing held by the Court to determine whether to finally approve the Settlement set forth in this Settlement Agreement as fair, reasonable, and adequate, sometimes referred to herein as the "Fairness Hearing."

**2.14** "Final Approval Order" means the order to be submitted to the Court in connection with the Final Approval Hearing, substantially in the form attached hereto as Exhibit D.

**2.15** "Funding Date" means five (5) business days after the Effective Date.

**2.16** "Interim Class Counsel" means and includes: Lieff Cabraser Heimann & Bernstein, LLP and Burke Law Offices, LLC.

**2.17** "Lead Class Counsel" means Lieff Cabraser Heimann & Bernstein, LLP as designated by the Court.

**2.18** "Lead Information" means personally identifying information such as an individual's name, address, telephone number, date of birth, insurance information, vehicle information, and / or driving history.

**2.19** "Liaison Class Counsel" means Burke Law Offices, LLC as designated by the Court.

**2.20** "Litigation" means the *Smith, et al. v. State Farm Mutual Automobile Insurance Company*, et al., Case No.: 1:13-cv-02018 Dkts.111, 153 (N.D. Ill.) action, including the case originally filed with that caption and the *Primack* Action, the *Blotzer* Action, and the *Matejovich* Action.

**2.21** "Master Complaint" means the First Amended Consolidated Master Class Action Complaint. *See Smith, et al. v. State Farm Mutual Automobile Insurance Company, et al*., Case No.: 1:13-cv-02018 Dkt. 153 (N.D. Ill.).

2.22    "*Matejovich* Action" means the class action filed on October 4, 2013 by plaintiffs Matejovich, Chris Stock, Stuart Benson, and Brennan Landy against American Automobile Association, Inc., Farmers Group, Inc., Government Employees Insurance Company, Nationwide Mutual Insurance Company, State Farm and Variable captioned *Matejovich, et al. v. American Automobile Association, Inc., et al.*, Case No.: 1:13-cv-07149 (N.D. Ill.) and subsequently consolidated with the *Smith* Action.

2.23    "Notice" means the notices to be provided to Settlement Class Members as set forth in Section VIII including, without limitation, Mail Notice and Website Notice.  The forms of the Mailed Notice and Website Notice are attached hereto as Exhibits B and C, respectively.

2.24    "Notice Database" means the database containing Settlement Class Members' information Plaintiffs have provided pursuant to Section 7.2.

2.25    "Objection Deadline" means sixty (60) calendar days after the Settlement Notice Date.

2.26    "Opt-Out Deadline" means sixty (60) calendar days after the Settlement Notice.

2.27    "Preliminary Approval Order" means the Order the Court enters in connection with Motion for Preliminary Approval, in the form attached hereto as Exhibit A.

2.28    "*Primack* Action" means the class action filed on September 18, 2013 by plaintiffs Merrill Primack and Matt Clark in the Northern District of Illinois against State Farm, Villacci, and Does 1-10 captioned *Primack, et al. v. State Farm, et al.* Case No. 1:13-cv-06694 (N.D. Ill.) and subsequently consolidated with the *Smith* Action.

2.29    "Released Claims" means the claims released in Section XIII.

2.30    "Released Parties" means State Farm Mutual Automobile Insurance Company, and each of its respective past, present, and future parents, subsidiaries, affiliated companies,

corporations, and independent contractor agents, and each of their respective past, present, and future directors, officers, managers, employees, general partners, limited partners, principals, agents, insurers, reinsurers, shareholders, attorneys, advisors, representatives, predecessors, successors, divisions, joint ventures, assigns, or related entities, and each of their respective executors, successors, assigns, and legal representatives. "Released Parties" specifically includes current and former State Farm Agents. "Released Parties" does not include Variable.

2.31    "Request for Exclusion" means the written submission submitted by a Settlement Class Member to opt out of the Settlement consistent with the terms of this Agreement and subject to the Opt-Out Deadline.

2.32    "Settlement" means the Settlement set forth in this Agreement between Plaintiffs and State Farm and each and every exhibit attached hereto.

2.33    "Settlement Class" means and includes all persons within the United States who received a non-emergency telephone call from Variable to a cellular telephone through the use of an automatic telephone dialing system or an artificial or prerecorded voice, and whose Lead Information was transferred to a State Farm Agent between January 1, 2012 and October 1, 2013. Plaintiffs and State Farm have identified Settlement Class Members through the Variable lead database.

2.34    "Settlement Class Members" means the Plaintiffs and those additional persons who are members of the Settlement Class, as that term is defined above, and who do not submit a timely and valid Request for Exclusion from the Settlement Class.

2.35    "Settlement Administration Costs" means all costs incurred or to be incurred by the Claims Administrator in conducting the Claims Administration, except for the Claims

10

Administrator's administrative costs for the escheatment procedure identified in Section 7.4(f), which State Farm will pay to the Claims Administrator.

**2.36**    "Settlement Fund" means the $7,000,000.00 fund consisting of the non-reversionary cash sum that State Farm will pay to settle this Litigation and obtain a release of all Released Claims in favor of the Released Parties.

**2.37**    "Settlement Notice Date" means thirty (30) calendar days after the Preliminary Approval Order is issued.

**2.38**    "Settlement Website" means the website operated by the Claims Administrator as described in Section 8.3.

**2.39**    "State Farm" refers collectively to State Farm Mutual Automobile Insurance Company and each of its respective past, present, and future parents, subsidiaries, affiliated companies, corporations, and independent contractor agents, and each of their respective past, present, and future directors, officers, managers, employees, general partners, limited partners, principals, agents, insurers, reinsurers, shareholders, attorneys, advisors, representatives, predecessors, successors, divisions, joint ventures, assigns, or related entities, and each of their respective executors, successors, assigns, and legal representatives.  For the purposes of this Settlement, "State Farm" includes current and former State Farm Agents.  "State Farm" does not include Variable.

**2.40**    "State Farm Agents" means the independent contractor insurance agents, including trainee independent contractor agents (sometimes referred to as "TICAs"), through whom State Farm markets and sells automobile insurance, along with the agent's agency office, including the employees and staff of the agency.

11

**2.41** "TCPA" means the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., and any regulations or rulings promulgated under it.

**2.42** "Variable" means Variable Marketing, LLC, a/k/a Instant Insurance Marketing, a/k/a Instant Insurance Transfers, a/k/a Auto Insurance Placement Center, among other names.

## III.   ALL PARTIES RECOMMEND APPROVAL OF THE SETTLEMENT

**3.1**   State Farm's Position on the Conditional Certification of Settlement Class. State Farm disputes that a class as defined by Plaintiffs in the Master Complaint would be manageable and further denies that a litigation class properly could be certified on the claims asserted in this Litigation. However, solely for purposes of avoiding the expense and inconvenience of further litigation, State Farm does not oppose the certification of the Settlement Class for the purposes of only this Settlement. Preliminary certification of the Settlement Class will not be deemed a concession that certification of a litigation class is appropriate, nor would State Farm be precluded from challenging class certification in further proceedings in this Litigation or in any other action if the Settlement Agreement is not finalized or finally approved. If the Settlement Agreement is not finally approved by the Court for any reason whatsoever, the certification of the Settlement Class will be void, and no doctrine of waiver, estoppel, or preclusion will be asserted in any litigated certification proceedings in this Litigation or any other judicial proceeding. No agreements made by or entered into by State Farm in connection with the Settlement Agreement may be used by Plaintiffs, any Settlement Class Member, or any other person to establish any of the elements of class certification in any litigated certification proceedings, whether in this Litigation or any other judicial proceeding.

**3.2**   Plaintiffs' Belief in the Merits of Case. Plaintiffs believe that the claims asserted in this Litigation have merit and that the evidence developed to date supports those claims. This Settlement will in no event be construed or deemed to be evidence of an admission or concession

12

on the part of Plaintiffs that there is any infirmity in the claims asserted by Plaintiffs, or that there is any merit whatsoever to any of the contentions and defenses that State Farm has asserted.

**3.3** <u>Plaintiffs Recognize the Benefits of Settlement</u>. Plaintiffs recognize and acknowledge, however, the expense and amount of time that would be required to continue to pursue this Litigation against State Farm, as well as the uncertainty, risk, and difficulties of proof inherent in prosecuting such claims on behalf of the Settlement Class. Plaintiffs have concluded that it is desirable that this Litigation and any Released Claims be fully and finally settled and released as set forth in this Settlement Agreement. Plaintiffs and Class Counsel believe that the Settlement set forth in this Agreement confers substantial benefits upon the Settlement Class and that it is in the best interests of the Settlement Class to settle as described herein.

## IV. <u>SETTLEMENT TERMS AND BENEFITS TO THE SETTLEMENT CLASS</u>

**4.1** <u>Settlement Fund</u>. Subject to the terms of Section 7.3 below, State Farm will pay a non-reversionary cash sum in the amount of $7,000,000 into the Settlement Fund. State Farm will pay this amount to the Claims Administrator on the Funding Date. Other than the Claims Administrator's administrative costs for the escheatment procedure identified in Section 7.4(f) below, State Farm has no obligation under this Settlement Agreement to pay any amounts in excess of $7,000,000.

**4.2** <u>Automatic Payment of Cash Awards</u>. Cash Awards will be sent to all Settlement Class Members for whom Notice is not ultimately returned as undeliverable. Each Settlement Class Member for whom Notice is not ultimately returned as undeliverable will receive one Cash Award regardless of the number of times the Settlement Class Member was called or the number of cellular numbers at which the Settlement Class Member was called. However, as set forth below in Section 7.4, a Settlement Class Member may receive additional pro rata distributions arising from checks that were not cashed within 180 days of issuance.

**4.3**     Possible Alternative Methods of Making Cash Awards.  The Parties will discuss the viability of making the Cash Awards through alternative methods, such as PayPal.  No such alternative methods shall be used unless all the Parties agree.  For the purposes of this Settlement Agreement, the term "checks" includes any alternative payment method.

**4.4**     Amount Paid per Claim.  The amount of each Cash Award will be determined by the following formula:  (Total Settlement Fund – Settlement Administration Costs – Attorneys' Fees and Expenses – Payment to Class Representatives) ÷ (Total Number of Class Members for whom Notice is not ultimately returned as undeliverable) = Cash Award.  Therefore, the Cash Award for each Settlement Class Member for whom Notice is not ultimately returned as undeliverable is the Settlement Class Member's pro rata share of the total payments to Settlement Class Members from the Settlement Fund.

**V.     ATTORNEYS' FEES, EXEPNSES AND PAYMENT TO CLASS REPRESENTATIVES**

**5.1.**     Attorneys' Fees and Expenses.  Class Counsel will move the Court for an award of attorneys' fees and expenses to be paid from the Settlement Fund.  Class Counsel will be entitled to payment of the fees and expenses awarded by the Court out of the Settlement Fund on the Effective Date.

**5.2.**     Payment to Class Representatives. The Class Representatives will ask the Court to award them $15,000 each in incentive payments for initiating this Litigation and acting as the Class Representatives, for the time and effort they have personally invested in the Litigation and for the risks undertaken for payment of costs in the event this Litigation was unsuccessful.  State Farm will not object to these requests.  Within five (5) business days after the Funding Date, and after receiving W-9 forms from the Class Representatives, the Claims Administrator will pay to Class

Counsel the amount of incentive payments awarded by the Court, and Class Counsel will disburse such funds to the Class Representatives.

      **5.3.**    <u>Settlement Independent of Award of Fees, Expenses, and Incentive Payments</u>.

The payments of attorneys' fees, expenses, and incentive payments set forth in Sections 5.1 and 5.2 are subject to and dependent upon the Court's approval as fair, reasonable, adequate, and in the best interests of Settlement Class Members. However, this Settlement is not dependent or conditioned upon the Court's approving Plaintiffs' requests for such payments or awarding the particular amounts sought by Plaintiffs. In the event the Court declines Plaintiffs' requests or awards less than the amounts sought, this Settlement will continue to be effective and enforceable by the Parties.

## VI.   **PRELIMINARY APPROVAL**

      **6.1.**    <u>Order of Preliminary Approval</u>. As soon as practicable after the execution of this Agreement, Plaintiffs will move the Court for entry of a Preliminary Approval Order in substantially the form attached as Exhibit A. Pursuant to the Motion for Preliminary Approval, the Plaintiffs will request that:

    a.    the Court conditionally certify the Settlement Class for purposes of this Settlement only and appoint Class Counsel as counsel for the Class for settlement purposes only;

    b.    the Court preliminarily approve the Settlement and this Agreement as fair, adequate, and reasonable, and within the reasonable range of possible final approval;

    c.    the Court approve the forms of Notice and find that the notice program set forth herein constitutes the best notice practicable under the circumstances, and satisfies due process and Rule 23 of the Federal Rules of Civil Procedure;

    d.    the Court set the date and time for the Final Approval Hearing, which may be continued by the Court from time to time without the necessity of further notice, and the Opt-Out Deadline and the Objection Deadline;

f.   the Court's Preliminary Approval Order reflect that the Parties' agree that the Settlement does not amount to an admission of liability and that the Settlement is not admissible in any future lawsuit to suggest a litigated class would be appropriately certified;

g.   the Court preliminarily enjoin any Class Member from bringing any new alleged class action or attempting to amend an existing action to assert any Released Claims; and

h.   the Court, subject to Court approval, appointing Rust as the Claims Administrator.

## VII.   ADMINISTRATION AND NOTIFICATION PROCESS

**7.1.**   <u>Claims Administrator</u>.  The Claims Administrator will be responsible for all matters relating to the administration of this Settlement, as set forth herein. Those responsibilities include, but are not limited to, where feasible, updating the addresses currently collected for the Settlement Class Members, giving notice, obtaining new addresses for returned mail, setting up and maintaining the Settlement Website and toll-free telephone number, fielding inquiries about the Settlement, processing payments, acting as a liaison between Settlement Class Members and the Parties regarding payments to Settlement Class Members, directing the mailing of Cash Awards to Settlement Class Members, and any other tasks reasonably required to effectuate the foregoing. The Claims Administrator will provide monthly updates on the payments made to counsel for all Parties, as well as other reports the Parties may request.  The performance of the Claims Administrator will meet or exceed the standards in the claims administration industry and will be subject to the review and approval of the Parties.  In addition, the Parties will have the right to review and approve all messaging for the Claims Administrator's communications with Settlement Class Members, including recorded message scripting and written communications.

**7.2.**   <u>Notice Database</u>. To facilitate the notice and claims administration process, Plaintiffs, subject to State Farm's review and approval, will provide to the Claims Administrator, in an electronically searchable and readable format, the names and addresses of the Settlement

16

Class Members, as identified in Variable's lead database. The Claims Administrator will update this information to create the Notice Database. If any of the terms of this Settlement relating to the Claims Administrator's services would unreasonably hinder or delay such processes, the Claims Administrator will so advise the Parties, and the Parties will accommodate the Claims Administrator to the extent necessary to carry out the intent of this Settlement Agreement. Any personal information relating to members of the Settlement Class provided to the Claims Administrator or Class Counsel pursuant to this Settlement will be provided solely for the purpose of providing notice to members of the Settlement Class and allowing them to recover under this Settlement, will be kept in strict confidence, will not be disclosed to any third party, and will not be used for any other purpose. The Claims Administrator shall deliver the Notice Database, and all information derived from the Notice Database, to Class Counsel within thirty (30) days after the conclusion of the Claims Administration.

    **7.3.** <u>Payment of Notice and Claims Administration Costs</u>. State Farm will pay the reasonable costs of notice and Claims Administration that are reasonably incurred prior to the funding of the Settlement Fund, and those payments will be deducted from the amounts State Farm makes into the Settlement Fund. Until the Settlement Fund is funded, the Claims Administrator will bill State Farm monthly for the reasonable costs of Claims Administration, including the reasonable costs required to update the addresses of the Settlement Class Members, print and mail Notice, establish the Settlement Website, prepare to issue checks to Settlement Class Members, and establish a toll-free telephone number, as well as any other initial administration costs reasonably related to the administration of the Settlement. The Claims Administrator will maintain detailed records of the amounts spent on the administration of the Settlement and will provide those to the Parties monthly. At such time that State Farm funds the Settlement Fund, all amounts

17

previously paid to the Claims Administrator by State Farm will be deducted from the total payment State Farm is required to pay to create the Settlement Fund. After State Farm has funded the Settlement Fund, State Farm will have no further obligation to pay any amount under this Settlement Agreement other than the Claims Administrator's administration costs associated with the escheatment procedure identified in Section 7.4(f) below. The Parties note that to facilitate the calculation set forth in Section 4.3 above, the Claim Administrator will need to be paid based on an estimate of its own future charges and that no funds will be available for any charges above that estimate. Settlement Administration Costs will be paid out of the Settlement Fund and State Farm will not be responsible for any additional charges of the Claims Administrator. At the conclusion of the Claims Administration, the Claims Administer will provide an accounting to the Parties of the Settlement Administration Costs and how the amounts in the Settlement Fund were distributed.

**7.4.** <u>Distribution of the Settlement Fund</u>. The Claims Administrator will distribute the funds in the Settlement Fund in the following order and within the time period set forth with respect to each such payment:

a. first, the Claims Administrator will pay to Class Counsel the attorneys' fees and expenses ordered by the Court as set forth in Section 5.1;

b. next, no later than five (5) business days after the Funding Date, the Claims Administrator will pay to the Class Representatives any incentive award ordered by the Court, as described in Section 5.2;

c. next, no later than fifteen (15) calendar days after the Funding Date, the Claims Administrator will be paid for any unreimbursed Settlement Administration Costs;

d.      next, no later than twenty-five (25) calendar days after the Funding Date, the Claims Administrator will pay the Cash Awards to Settlement Class Members whose Notice was not ultimately returned as undeliverable pursuant to Section IX;

e.      next, if checks that remain uncashed after one hundred eighty (180) calendar days after the date of issuance yield an amount that, after administration costs, would allow additional pro rata distributions to participating Settlement Class Members equal to or greater than $2.00 per participating Settlement Class Member, the Claims Administrator shall distribute any such funds on a pro rata basis to Settlement Class Members who cashed settlements checks.

f.      finally, if additional pro rata distributions are not made, or if checks remain uncashed 180 days after the additional distribution, the final uncashed amounts will be deemed abandoned and available to the Claims Administrator to distribute to the states of residence of those Settlement Class Members who did not cash their final checks under an early custodial escheatment procedure.  State Farm will pay the Claims Administrator's administration costs associated with the escheatment procedure.

## VIII.  __NOTICES__

**8.1.**    __Timing of Class Notice__.  Class Notice will be provided to all persons in the Settlement Class within thirty (30) calendar days following entry of the Preliminary Approval Order as described herein.

**8.2.**    __Mailing of Settlement Notice__.  The Claims Administrator will send the Settlement Notice via first class mail to the most recent mailing address as reflected in Notice Database and re-send the Settlement Notice in accordance with the procedures outlined below.

a.      __Address Confirmation__.    The last known address of persons in the Settlement Class, as set forth in Variable's lead database, will be subject to confirmation or updating as follows:  (i) the Claims Administrator will check each address against the United States

Post Office National Change of Address Database before the initial mailing, (ii) for each mailing returned as undeliverable and with no forwarding address provided, the Claims Administrator will conduct a skip trace search, utilizing a third-party vendor database such as LexisNexis, using the corresponding telephone number in the Variable lead database and, provided a reasonable match is found showing a new address, update the address accordingly, (iii) the Claims Administrator will update addresses based on any forwarding information received from the United States Post Office, and (iv) the Claims Administrator will update addresses based on verified requests received from persons in the Settlement Class. The Claims Administrator will promptly re-mail the Notices to the updated addresses provided under scenarios ii, iii, and iv above.

    b. <u>Costs Considered Settlement Administration Costs</u>. All costs of address confirmation and data trace searches will be considered Settlement Administration Costs and deducted from the Settlement Fund.

  **8.3.** <u>Website Notice</u>. By the Settlement Notice Date, the Claims Administrator will maintain and administer a dedicated Settlement Website (www.variabletcpasettlement.com) containing class information and related documents. At a minimum, such documents will include the Settlement Agreement and attached exhibits, Mail Notice, the Preliminary Approval Order, and the Final Approval Order. The Website will be taken down and rendered inaccessible upon completion of the Claims Administration.

  **8.4.** <u>Toll-Free Telephone Number</u>. Within ten (10) business days of the issuance of the Preliminary Approval Order, the Claims Administrator will set up a toll-free telephone number for receiving toll-free calls related to the Settlement. That telephone number will be maintained on a 24-hour basis, whether through live operators or an interactive voice response system, until thirty (30) calendar days after the Opt-Out Deadline. After that time, and until the Claims Administration

is concluded, a recording will advise any caller to the toll-free telephone number that the Opt-Out Deadline has passed and the details regarding the Settlement may be reviewed on the related Settlement Website and the caller will be able to leave a message to address any specific requests (e.g., the re-issuance of a check).

**8.5.**   <u>CAFA Notice</u>.   The Claims Administrator will be responsible for serving the required CAFA Notice following review and approval of the CAFA Notice by the Parties within ten (10) calendar days after the filing of the Preliminary Approval Motion.

## IX.   <u>PAYMENT PROCESS</u>

**9.1.**   <u>Payments</u>.   Each member of the Settlement Class who does not timely and validly submit a Request for Exclusion from the Settlement as required in this Agreement will be a Settlement Class Member and will be mailed a Cash Award to the extent a valid address can be located.   Each Settlement Class Member will be limited to one Cash Award, regardless of the number of times Variable called the Settlement Class Member or the number of cellular numbers Variable called the Settlement Class Member.   However, as set forth above in Section 7.4, a Settlement Class Member may receive additional pro rata distributions arising from checks that were not cashed within 180 days of issuance.

**9.2.**   <u>Mailing of Cash Awards</u>.   Cash Awards will be sent to Settlement Class Members whose Notice was not ultimately returned as undeliverable by the Claims Administrator via U.S. mail no later than twenty-five (25) calendar days after the Funding Date.   If any settlement checks are returned, the Claims Administrator will attempt to obtain a new mailing address for that Settlement Class Member by renewing the steps described in Section 8.2(a).   If, after a second mailing, the settlement check is again returned, no further efforts need be taken by the Claims Administrator to resend the check.   The Claims Administrator will advise Class Counsel and counsel for State Farm of the names of the Settlement Class Members whose checks are returned

by the postal service as soon as practicable. Each settlement check will be negotiable for one hundred eighty (180) calendar days after it is issued. Upon request by a Settlement Class Member, the Claims Administrator may re-issue settlement checks to the original payee, provided that such re-issued checks will not be negotiable beyond that date that is one hundred eighty (180) calendar days after the date of issuance of the original check to such Settlement Class Member.

## X.    OPT-OUTS AND OBJECTIONS

**10.1.**    <u>Opting Out of the Settlement</u>.  Any members of the Settlement Class who wish to exclude themselves from the Settlement Class must advise the Claims Administrator by providing a written Request for Exclusion, and their opt out request must be postmarked no later than the Opt-Out Deadline.  The Claims Administrator will provide the Parties with copies of each Request for Exclusion it receives, and will provide a list of each Settlement Class Member who timely and validly opted out of the Settlement in its declaration filed with the Court, as required by Section 11.1.  Settlement Class Members who do not properly and timely submit a Request for Exclusion will be bound by this Agreement and the judgment, including the releases in Section XIII below.

a.    In the Request for Exclusion, the Settlement Class Member must state his or her full name, address, and must state that he or she wishes to be excluded from the Settlement.

b.    Any member of the Settlement Class who submits a valid and timely Request for Exclusion will not be a Settlement Class Member, will not receive any compensation under this Agreement, and will not be bound by the terms of this Agreement.

**10.2.**    <u>Opt-Out Communications</u>.  Class Counsel agree not to represent, encourage, solicit or otherwise assist, in any way whatsoever, any person seeking exclusion as a Settlement Class Member or any other person seeking to litigate with the Released Parties over any of the Released Claims in this matter. However, notwithstanding the above, nothing in this settlement shall limit

22

or abridge any communication, information or advice of any kind that Class Counsel may give to Settlement Class Members who contact them.

    **10.3.**  <u>Objections</u>.  Any Settlement Class Member who intends to object to the fairness of this Settlement must file a written Objection with the Court by the Objection Deadline.

        a.    In the written Objection, the Settlement Class Member must state his or her full name, address, and cellular telephone number(s) that the Settlement Class Member alleges received a call, must state whether the objection is purporting to be made on the individual's behalf, only, or on behalf of other class members, must identify any lawyer that was consulted as to such objection or this case, and must state the reasons for his or her Objection, and whether he or she intends to appear at the Final Approval Hearing on his or her own behalf or through counsel.  Any documents supporting the Objection must also be attached to the Objection.

        b.    The Parties will have the right to depose any objector to assess whether the objector has standing or motives that are inconsistent with the interests of the Class.

    **10.4.**  <u>Fairness Hearing</u>. Any Settlement Class Member who has timely filed an Objection may appear at the Final Approval Hearing, either in person or through an attorney hired at the Settlement Class Member's own expense, to object to the fairness, reasonableness, or adequacy of this Agreement or the Settlement.

## XI.    <u>FINAL APPROVAL AND JUDGMENT ORDER</u>

    **11.1.**  No later than fourteen (14) calendar days prior to the Final Approval Hearing, the Claims Administrator will file with the Court and serve on counsel for all Parties a declaration stating that the Notice required by the Agreement has been completed in accordance with the terms of the Preliminary Approval Order.

**11.2.** If the Court issues the Preliminary Approval Order, and all other conditions precedent to the Settlement have been satisfied, no later than fourteen (14) calendar days prior to Final Approval Hearing:

      a.     All Parties will request, individually or collectively, that the Court enter the Final Approval Order in substantially the form attached as Exhibit D, with Class Counsel filing a memorandum of points and authorities in support of the motion; and,

      b.     Class Counsel and/or State Farm may file a memorandum addressing any Objections submitted to the Settlement.

**11.3.** At the Final Approval Hearing, the Court will consider and determine whether the provisions of this Agreement should be approved, whether the Settlement should be finally approved as fair, reasonable, and adequate, whether any Objections to the Settlement should be overruled, whether the fee award and incentive payments to the Class Representatives should be approved, and whether a judgment finally approving the Settlement should be entered.

**11.4.** This Agreement is subject to and conditioned upon the issuance by the Court of the Final Approval Order that grants final approval of this Agreement and enters a final judgment and:

      a.     finds that the Notice provided satisfies the requirements of due process and Federal Rules of Civil Procedure Rule 23(e)(1);

      b.     finds that Settlement Class Members have been adequately represented by the Class Representatives and Class Counsel;

      c.     finds that the Settlement Agreement is fair, reasonable, and adequate with respect to the Settlement Class, that each Settlement Class Member will be bound by this Agreement, including the releases in Sections 13.1 and 13.2, and the covenant not to sue in Section

13.3, and that this Settlement Agreement should be and is approved;

        d.    dismisses on the merits and with prejudice all claims of the Settlement Class Members and all current and former plaintiffs asserted in the Litigation;

        e.    permanently enjoins each and every Settlement Class Member and all current and former plaintiffs in this Litigation from bringing, joining, or continuing to prosecute any Released Claims against State Farm or any Released Parties; and,

        f.    retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation, and enforcement of this Settlement Agreement.

## XII.    **FINAL JUDGMENT**

**12.1.**    The judgment entered at the Final Approval Hearing will be deemed final and shall have an Effective Date:

        a.    Thirty (30) calendar days after entry of the judgment giving final approval to the Settlement if no document is filed within that time seeking appeal, review, or rehearing of the judgment; or

        b.    If any such document is filed, then five (5) business days after the date upon which all appeals periods have run and/or other proceedings resulting from such document have been finally terminated in such a manner as to permit the judgment to take effect in substantially the form described in Section 11.4.

## XIII.    **RELEASE OF CLAIMS**

**13.1.**    <u>Released Claims</u>.  Plaintiffs and each Settlement Class Member, as well as their respective assigns, heirs, executors, administrators, successors, and agents, hereby release, resolve, relinquish, and discharge each and every one of the Released Parties from each of the Released Claims (as defined below).  The Plaintiffs and the Settlement Class Members further agree that they will not institute any action or cause of action (in law, in equity or administratively), suits,

debts, liens, or claims, known or unknown, fixed or contingent, which they may have or claim to have, in state or federal court, in arbitration, or with any state, federal or local government agency or with any administrative or advisory body, arising from or reasonably related to the Released Claims. The release does not apply to members of the Settlement Class who opt out of the Settlement by submitting a valid and timely Request for Exclusion. "Released Claims" means any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, foreign law, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, as of the date of the Final Approval Order, that arise out of this Litigation or the facts that give rise to this Litigation, including but not limited to claims that could have been asserted in the Litigation. This Release shall be interpreted to the fullest extent of *res judicata* principles.

    **13.2.** <u>Waiver of Unknown Claims</u>. Without limiting the foregoing, the Released Claims specifically extend to claims that Plaintiffs and Settlement Class Members do not know or suspect to exist in their favor at the time that the Settlement and the releases contained therein become effective. This Section constitutes a waiver, without limitation as to any other applicable law, of Section 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Plaintiffs and the Settlement Class Members understand and acknowledge the significance of these waivers of California Civil Code Section 1542 and similar federal and state statutes, case law, rules, or regulations relating to limitations on releases. In connection with such waivers and relinquishment, Plaintiffs and the Settlement Class Members acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts that they now know or believe to be true with respect to the subject matter of the Settlement, but that it is their intention to release fully, finally, and forever all Released Claims with respect to the Released Parties, and in furtherance of such intention, the releases of the Released Claims will be and remain in effect notwithstanding the discovery or existence of any such additional or different facts.

**13.3.** <u>Covenant Not To Sue</u>. Plaintiffs agree and covenant, and each Settlement Class Member will be deemed to have agreed and covenanted, not to sue any of the Released Parties with respect to any of the Released Claims, or otherwise to assist others in doing so, and agree to be forever barred from doing so, in any court of law or equity, or any other forum.

**13.4.** <u>Representations of Class Counsel</u>. Class Counsel represent and warrant that they are not currently working on and have no present intention to work on, or solicit any client to sue on, any claim against a) any of the Released Parties in any way relating to Variable, or b) Variable itself. Class Counsel expressly reserve the right to sue other entities that contracted with Variable for its services, and to add Variable as a party in connection with such cases if Variable is deemed an indispensable party to the litigation. Class Counsel further acknowledge that the terms of the Stipulated Confidentiality Order (Dkt. 44) prohibit them from pursuing any claims against any of the Released Parties arising from a review of any confidential document produced in this Litigation. Consistent with the terms of the Stipulated Confidentiality Order, Plaintiffs will return to State Farm and/or destroy all documents and data State Farm and/or the Released Parties

27

produced to Plaintiffs and all documents and data produced by Variable that relate solely to State Farm and/or the Released Parties. This provision does not include data or documents Class Counsel obtained from sources other than State Farm, the Released Parties, and/or Variable.

## XIV.  TERMINATION OF AGREEMENT

**14.1.**  Either Plaintiffs or State Farm May Terminate the Agreement.  Plaintiffs and State Farm will each have the right to unilaterally terminate this Agreement by providing written notice of his, her, their, or its election to do so ("Termination Notice") to all other Parties hereto within ten (10) business days of any of the following occurrences:

a.  the Court rejects, materially modifies, materially amends or changes, or declines to issue a Preliminary Approval Order or a Final Approval Order with respect to the Settlement Agreement;

b.  an appellate court reverses the Final Approval Order, and the Settlement Agreement is not reinstated without material change by the Court on remand;

c.  any court incorporates into, or deletes or strikes from, or modifies, amends, or changes, the Preliminary Approval Order, the Final Approval Order, or the Settlement Agreement in a way that Plaintiffs or State Farm reasonably consider material, unless such modification or amendment is accepted in writing by all Parties, except that, as provided above, the Court approval of attorneys' fees and expenses, or their amount, is not a condition of the Settlement;

d.  the Effective Date does not occur; or

e.  more than 250 valid opt-outs are received.

**14.2.**  Revert to Status Quo If Plaintiffs or State Farm Terminates.  If either Plaintiffs or State Farm terminate this Agreement as provided in Section 14.1, the Agreement will be of no force and effect and the Parties' rights and defenses will be restored, without prejudice, to their respective positions as if this Agreement had never been executed, and any orders entered by the

Court in connection with this Agreement will be vacated. However, any payments made to the Claims Administrator for services rendered to the date of termination will not be refunded to State Farm if State Farm terminates the Agreement. If Plaintiffs terminate this Agreement, they shall reimburse State Farm for any payments made to the Claims Administrator for services rendered to the date of termination. If the Settlement Agreement is not approved in full by the Court, any Party has the option to terminate the Settlement Agreement and revert to the status quo ante prior to the Settlement.

## XV.    NO ADMISSION OF LIABILITY

**15.1.**    State Farm denies any liability or wrongdoing of any kind associated with the alleged claims in the Master Complaint. State Farm has denied and continues to deny each and every material factual allegation and all claims asserted against them in the Litigation. Nothing herein will constitute an admission of wrongdoing or liability, or of the truth of any allegations in the Litigation. Nothing herein will constitute an admission by State Farm that the Litigation is properly brought on a class or representative basis, or that classes may be certified, other than for settlement purposes. To this end, the Settlement of the Litigation, the negotiation and execution of this Agreement, and all acts performed or documents executed pursuant to or in furtherance of the Settlement: (i) are not and will not be deemed to be, and may not be used as, an admission or evidence of any wrongdoing or liability on the part of State Farm or of the truth of any of the allegations in the Litigation; (ii) are not and will not be deemed to be, and may not be used as an admission or evidence of any fault or omission on the part of State Farm in any civil, criminal, or administrative proceeding in any court, arbitration forum, administrative agency, or other tribunal; and, (iii) are not and will not be deemed to be and may not be used as an admission of the appropriateness of these or similar claims for class certification.

15.2.    Pursuant to Federal Rule of Evidence Rule 408 and any similar provisions under the laws of any state, neither this Agreement nor any related documents filed or created in connection with this Agreement will be admissible in evidence in any proceeding, except as necessary to approve, interpret, or enforce this Agreement.

## XVI.    **MISCELLANEOUS**

16.1.    Entire Agreement. This Agreement, including the exhibits hereto, constitutes the entire agreement between the Parties.  No representations, warranties, or inducements have been made to any of the Parties, other than those representations, warranties, and inducements contained in this Agreement.

16.2.    Governing Law.  This Agreement will be governed by the laws of the state of Illinois.

16.3.    Jurisdiction.  The Court will retain continuing and exclusive jurisdiction over the Parties to this Agreement, including the Plaintiffs and all Settlement Class Members, for purposes of the administration and enforcement of this Agreement.

16.4.    No Construction Against Drafter.  This Agreement was drafted jointly by the Parties and, in construing and interpreting this Agreement, no provision of this Agreement will be construed or interpreted against any Party based upon the contention that this Agreement or a portion of it was purportedly drafted or prepared by that Party.

16.5.    Resolution of Disputes. The Parties will cooperate in good faith in the administration of this Settlement and agree to use their best efforts to promptly file a Motion for Preliminary Approval with the Court and to take any other actions required to effectuate this Settlement.  Any unresolved dispute regarding the administration of this Agreement will be decided by the Court or by a mediator upon agreement of the Parties.

**16.6.** <u>Counterparts</u>. This Agreement may be signed in counterparts and the separate signature pages executed by the Parties and their counsel may be combined to create a document binding on all of the Parties and together will constitute one and the same instrument.

**16.7.** <u>Time Periods</u>. The time periods and dates described herein are subject to Court approval and may be modified upon order of the Court or written stipulation of the Parties.

**16.8.** <u>Authority</u>. Each person executing this Settlement Agreement on behalf of any of the Parties hereto represents that such person has the authority to so execute this Agreement.

**16.9.** <u>No Oral Modifications</u>. This Agreement may not be amended, modified, altered, or otherwise changed in any manner, except by a writing signed by all of the duly authorized agents of State Farm and Plaintiffs, and approved by the Court.

**16.10.** <u>Publicity and Confidentiality</u>. Plaintiffs agree that they will not initiate any publicity of the Settlement and will not respond to requests by any media (whether print, online, or any traditional or non-traditional form) about the Settlement or this Agreement. Notice of the Settlement will be delivered exclusively through the notice process set forth in Section VIII, above.

**16.11.** <u>Notices</u>. Unless otherwise stated herein, any notice to the Parties required or provided for under this Agreement will be in writing and may be sent by electronic mail, fax, or hand delivery, postage prepaid, as follows:

If to Lead Class Counsel:
Daniel M. Hutchinson, Esq.
Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
dhutchinson@lchb.com

If to Counsel for State Farm:
James P. Gaughan
Riley Safer Holmes & Cancila LLP
Three First National Plaza

70 West Madison Street, Suite 2900
Chicago, Illinois 60602
Telephone: (312) 471-8700
jgaughan@rshc-law.com

IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to be
executed, dated as of July ____, 2016.

DATED: July 29, 2016                          Plaintiff Jennifer Smith

DATED: July ____, 2016                        Plaintiff Shawn Matejovich

DATED: July ____, 2016                        Lieff Cabraser Heimann & Bernstein, LLP

DATED: July 29, 2016                          Burke Law Offices, LLC

DATED: July ____, 2016                        Broderick & Paronich Law, P.C.

DATED: July ____, 2016                        Law Offices of Matthew McCue

DATED: July ____, 2016                        Meyer Wilson Co., LPA

DATED: July ____, 2016                        Edelman, Combs, Latturner & Goodwin, LLC

70 West Madison Street, Suite 2900
Chicago, Illinois 60602
Telephone: (312) 471-8700
jgaughan@rshc-law.com

IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to be
executed, dated as of July ____, 2016.

DATED: July ____, 2016                      Plaintiff Jennifer Smith


                                            _____

DATED: July ____, 2016                      Plaintiff Shawn Matejovich


                                            _____

DATED: July **29**, 2016                    Lieff Cabraser Heimann & Bernstein, LLP

                                            _Daniel Hutch_

DATED: July ____, 2016                      Burke Law Offices, LLC


                                            _____

DATED: July ____, 2016                      Broderick & Paronich Law, P.C.


                                            _____

DATED: July ____, 2016                      Law Offices of Matthew McCue


                                            _____

DATED: July ____, 2016                      Meyer Wilson Co., LPA


                                            _____

DATED: July ____, 2016                      Edelman, Combs, Latturner & Goodwin, LLC


                                            _____

32

70 West Madison Street, Suite 2900
Chicago, Illinois 60602
Telephone: (312) 471-8700
jgaughan@rshc-law.com

IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to be
executed, dated as of July ___, 2016.

DATED: July ___, 2016                    Plaintiff Jennifer Smith

                                         _____

DATED: July 29, 2016                     Plaintiff Shawn Matejovich

                                         _____

DATED: July ___, 2016                    Lieff Cabraser Heimann & Bernstein, LLP

                                         _____

DATED: July ___, 2016                     Burke Law Offices, LLC

                                         _____

DATED: July ___, 2016                    Broderick & Paronich Law, P.C.

                                         _____

DATED: July ___, 2016                    Law Offices of Matthew McCue

                                         _____

DATED: July 29, 2016                     Meyer Wilson Co., LPA

                                         _____

DATED: July ___, 2016                    Edelman, Combs, Latturner & Goodwin, LLC

                                         _____

32

70 West Madison Street, Suite 2900
Chicago, Illinois 60602
Telephone: (312) 471-8700
jgaughan@rshc-law.com

IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to be executed, dated as of July ___, 2016.

DATED: July ____, 2016                    Plaintiff Jennifer Smith

                                          _____

DATED: July ____, 2016                    Plaintiff Shawn Matejovich

                                          _____

DATED: July ____, 2016                    Lieff Cabraser Heimann & Bernstein, LLP

                                          _____

DATED: July ____, 2016                    Burke Law Offices, LLC

                                          _____

DATED: July 30, 2016                      Broderick & Paronich Law, P.C.

                                          _____

DATED: July 29, 2016                      Law Offices of Matthew McCue

                                          _____

DATED: July ____, 2016                    Meyer Wilson Co., LPA

                                          _____

DATED: July ____, 2016                    Edelman, Combs, Latturner & Goodwin, LLC

                                          _____

32

70 West Madison Street, Suite 2900
Chicago, Illinois 60602
Telephone: (312) 471-8700
jgaughan@rshc-law.com

IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to be
executed, dated as of July ___, 2016.

DATED: July ____, 2016                          Plaintiff Jennifer Smith


                                                _____

DATED: July ____, 2016                          Plaintiff Shawn Matejovich


                                                _____

DATED: July ____, 2016                          Lieff Cabraser Heimann & Bernstein, LLP


                                                _____

DATED: July ____, 2016                          Burke Law Offices, LLC


                                                _____

DATED: July ____, 2016                          Broderick & Paronich Law, P.C.


                                                _____

DATED: July ____, 2016                          Law Offices of Matthew McCue


                                                _____

DATED: July ____, 2016                          Meyer Wilson Co., LPA


                                                _____

DATED: ~~July~~ *August 1, 2016* 2016            Edelman, Combs, Latturner & Goodwin, LLC


                                                _____

32

DATED: ~~July~~ August 1, 2016

State Farm Mutual Automobile Insurance
Company

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JENNIFER SMITH, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | 1:13-cv-2018 |
| v. | ) | |
| | ) | Hon. Amy J. St. Eve |
| STATE FARM MUTUAL AUTOMOBILE | ) | |
| INSURANCE COMPANY, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**[PROPOSED] ORDER (1) CONDITIONALLY CERTIFYING A SETTLEMENT CLASS,
(2) PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT,
(3) APPROVING NOTICE PLAN AND (4) SETTING FINAL APPROVAL HEARING**

This matter came before the Court on Class Plaintiffs' motion for preliminary approval of the proposed class action settlement of the following four class action cases that were either filed before or transferred to this Court : *Smith v. State Farm Mutual Automobile Insurance Company*, Case No.: 1:13-cv-02018 (N.D. Ill.) (the "*Smith* Action"); *Blotzer, et al. v. State Farm, et al.,* Case No.: 13CV1797 (S.D. Cal.) (the "*Blotzer* Action"); *Primack, et al. v. State Farm, et al.* Case No. 1:13-cv-06694 (N.D. Ill.) (the "*Primack* Action"); and *Matejovich, et al. v. American Automobile Association, Inc., et al.*, Case No.: 1:13-cv-07149 (N.D. Ill.) (the "*Matejovich* Action"). These four cases were consolidated into a single Master Class Action Complaint filed in this Court on February 4, 2014, Dkt. 111, which was amended on September 4, 2014, Dkt. 153 (the "Master Class Action Complaint.") The *Smith* Action, the *Blotzer* Action, the *Primack* Action, and the *Matejovich* Action are collectively referred to as to the "Litigation." The Master Class Action Complaint was brought by Class Plaintiffs Jennifer Smith and Shawn Matejovich ("Class Plaintiffs" or "Class Representatives"), individually and on behalf of all others similarly situated against Defendants State Farm Mutual Automobile Insurance Company ("State Farm") and

**EXHIBIT A**

Variable Marketing, LLC, a/k/a Instant Insurance Marketing, a/k/a Instant Insurance Transfers, a/k/a Auto Insurance Placement, among other names ("Variable"). Based on this Court's review of the Parties' Settlement Agreement and Release (the "Settlement Agreement"), Class Plaintiffs' Motion for Preliminary Approval of Settlement, and the arguments of counsel, THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:

1.      Settlement Terms.  Unless otherwise defined herein, all terms in this Order shall have the meanings ascribed to them in the Settlement Agreement.

2.      Jurisdiction.  The Court has jurisdiction over the subject matter of the Litigation, the Parties, and all Settlement Class Members.

3.      Scope of Settlement Agreement.  The Settlement Agreement resolves the Litigation, including all claims alleged in the Master Complaint, as amended, filed in the Northern District of Illinois on September 4, 2014.  Dkt. 153.

4.      Preliminary Approval of Settlement Agreement.  The Court has conducted a preliminary evaluation of the Settlement Agreement for fairness, adequacy, and reasonableness. Based on this preliminary evaluation, the Court finds that: (i) the Settlement Agreement is fair, reasonable, and adequate, and within the range of possible approval; (ii) the Settlement Agreement has been negotiated in good faith at arms' length between experienced attorneys familiar with the legal and factual issues of this case; and (iii) with respect to the forms of notice of the material terms of the Settlement Agreement to Settlement Class Members for their consideration and reaction (Exs. B and C to the Settlement Agreement), that notice is appropriate and warranted. Therefore, the Court grants preliminary approval of the Settlement Agreement.

2

5.     <u>Class Certification for Settlement Purposes Only</u>.  The Court, pursuant to Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure, conditionally certifies, for purposes of settlement only, the following Settlement Class:

> All persons within the United States who received a non-emergency telephone call from Variable to a cellular telephone through the use of an automatic telephone dialing system or an artificial or prerecorded voice, and whose Lead Information was transferred to a State Farm Agent between January 1, 2012 and October 1, 2013.  Excluded from the Settlement Class are all persons who validly opt out of the Settlement Class.

6.     In connection with this conditional certification, the Court makes the following preliminary findings:

(a)     The Settlement Class is so numerous that joinder of all  members is impracticable;

(b)     There are questions of law or fact common to the Settlement  Class for purposes of determining whether the Settlement Agreement should be approved;

(c)     Class Plaintiffs' claims are typical of the claims being resolved  through the Settlement Agreement;

(d)     Class Plaintiffs are capable of fairly and adequately protecting  the interests of all members of the Settlement Class in connection with the Settlement Agreement;

(e)     For purposes of determining whether the Settlement Agreement is fair, reasonable, and adequate, common questions of law and fact predominate over questions affecting only individual persons in the Settlement Class and, accordingly, the Settlement Class is sufficiently cohesive to warrant settlement by representation; and

(f)     For purposes of settlement, certification of the Settlement Class is superior to other available methods for the fair and efficient settlement of the claims of the   Settlement Class.

7.     <u>Class Representatives</u>.  The Court appoints Plaintiffs as Class Representatives of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil  Procedure.

8.     <u>Claims Administrator</u>.  Pursuant to the Settlement Agreement, Rust Consulting is hereby appointed as Claims Administrator and shall be required to perform all the duties of the Claims Administrator as set forth in the Settlement Agreement and this Order.

9.     <u>Class Counsel</u>.  The Court appoints Lieff, Cabraser, Heimann & Bernstein, LLP as Lead Class Counsel;  Burke Law Offices, LLC as  Liaison Counsel; and Broderick & Paronich Law, P.C., Meyer Wilson Co., LPA, and Law Offices of Mathew McCue, Edelman, Combs, Latturner & Goodwin, LLC as additional Class Counsel (collectively "Class Counsel") pursuant to Rule 23 of the Federal Rules of Civil Procedure.

10.     <u>Final Approval Hearing</u>.  At 9:00 a.m. on _____, 2016, in courtroom 1241 of the Everett McKinley Dirksen Building, United States Courthouse, 219 Dearborn Street, Chicago, Illinois, or at such other date and time later set by Court Order, this Court will hold a Final Approval Hearing on the fairness, adequacy, and reasonableness of the Settlement Agreement and to determine whether (i) final approval of the Settlement Agreement should be granted, and (ii) Class Counsel's application for attorneys' fees and expenses, and incentive awards to Class Plaintiffs should be granted, and in what amount.  No later than _____, 2016, which is thirty (30) days prior to the deadline for Class Members to opt out of or object to the Settlement, Class Plaintiffs must file papers in support of Class Counsel's application for attorneys' fees and expenses and the incentive awards to the Class Representatives.  No later than  _____, 2016, which is fourteen (14) days prior to the Final Approval Hearing, Class Plaintiffs must file papers in support of final approval of the Settlement Agreement and respond to any written objections.  State Farm may (but is not required to) file papers in support of final approval of the

4

Settlement Agreement and in response to written objections, so long as State Farm does so no later than _____, 2016.

11.      Class Notice.  The Court approves the proposed Notice plan for giving notice to the Settlement Class directly through Mailed Notice and through Website Notice and the establishment of a Settlement Website (www.variabletcpasettlement.com), as more fully described in the Settlement Agreement.  The Notice plan, in form, method, and content, complies with the requirements of Rule 23 and due process, and constitutes the best notice practicable under the circumstances.  The Court hereby directs the Parties and the Claims Administrator to complete all aspects of the Notice plan no later than _____, in accordance with the terms of the Settlement Agreement.

12.      The Claims Administrator will file with the Court by no later than _____, 2016, which is fourteen (14) days prior to the Final Approval Hearing, proof that Notice was provided in accordance with the Settlement Agreement and this Order, as well as proof that notice was provided to the appropriate State and federal officials pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715.

13.      Objection and Opt-Out Deadline.  Pursuant to the Settlement Agreement, Settlement Class Members who wish to either object to the Settlement Agreement or opt out by completing a Request for Exclusion must do so by the Objection Deadline and Opt-Out Deadline of _____, 2016, both of which are sixty (60) calendar days after the Settlement Notice Date. Settlement Class Members may not both object and opt out.  If a Settlement Class Member submits both a Request for Exclusion and an objection, the Request for Exclusion will be controlling.

14.      Exclusion from the Settlement Class.  To file a Request for Exclusion, Settlement Class Members must follow the directions in the Notice and send a compliant request

5

to the Claims Administrator at the address designated in the Class Notice by the Opt-Out Deadline. In the Request for Exclusion, the Settlement Class Member must state his or her full name, address, and must state that he or she wishes to be excluded from the Settlement Class. No Request for Exclusion will be valid unless all of the information described above is included. No Settlement Class Member, or any person acting on behalf of or in concert or participation with that Settlement Class Member, may exclude any other Settlement Class Member from the Settlement Class.

15.     If a timely and valid Request for Exclusion is made by a Settlement Class Member, then that person will not be a Settlement Class Member, and the Settlement Agreement and any determinations and judgments concerning it will not bind the excluded person.

16.     All Settlement Class Members who do not opt out by filing a Request for Exclusion by _____, 2016 in accordance with the terms set forth in the Settlement Agreement will be bound by all determinations and judgments concerning the Settlement Agreement.

17.     Objections to the Settlement Agreement. To object to the Settlement Agreement, Settlement Class Members must follow the directions in the Notice and file a written Objection with the Court by the Objection Deadline. In the written Objection, the Settlement Class Member must state his or her full name, address, and cellular telephone number(s) that the Settlement Class Member alleges received a call from one of the Defendants, must state the reasons for his or her Objection, must state whether the objection is purporting to be made on the individual's behalf, only, or on behalf of other class members, must identify any lawyer that was consulted as to such objection or this case, and must state whether he or she intends to appear at the Fairness Hearing on his or her own behalf or through counsel. Any documents supporting the Objection must also be attached to the Objection. No Objection will be valid unless all of the information described

6

above is included. The Parties will have the right to depose any objector to assess whether the objector has standing or motives that are inconsistent with the interests of the Class.

18. If a Settlement Class Member does not submit a written Objection to the Settlement Agreement or the application of Class Counsel for attorneys' fees and expenses or the incentive awards in accordance with the deadline and procedure set forth in the Notice and this Order, but the Settlement Class Member wishes to appear and be heard at the Final Approval Hearing, the Settlement Class Member must (i) file a notice of intention to appear with the Court no later than the Objection Deadline; and (ii) comply with all other requirements of the Court for such an appearance.

19. Any Settlement Class Member who fails to comply with Paragraphs 17 and 18 (and as detailed in the Notice) will not be permitted to object to the Settlement Agreement at the Final Approval Hearing, will be foreclosed from seeking any review of the Settlement Agreement by appeal or other means, will be deemed to have waived his, her, or its objections, and will be forever barred from making any objections in the Action or any other related action or proceeding. All members of the Settlement Class, except those members of the Settlement Class who submit timely Requests for Exclusion, will be bound by all determinations and judgments in the Litigation, whether favorable or unfavorable to the Settlement Class.

20. <u>Stay of Other Proceedings</u>. Pending the final determination of whether the Settlement Agreement should be approved, and except as otherwise stated herein, all pre-trial proceedings and briefing schedules in the Litigation are stayed. If the Settlement Agreement is terminated or final approval does not for any reason occur, the stay will be immediately terminated.

21. Pending the final determination of whether the Settlement Agreement should be approved, the Settlement Class Representatives and all Settlement Class Members are hereby

enjoined from commencing, pursuing, maintaining, enforcing, or prosecuting, either directly or indirectly, any Released Claims in any judicial, administrative, arbitral, or other forum, against any of the Released Parties. Such injunction will remain in force until Final Approval or until such time as the Parties notify the Court that the Settlement Agreement has been terminated. This injunction is necessary to protect and effectuate the Settlement Agreement, this Preliminary Approval Order, and the Court's flexibility and authority to effectuate the Settlement Agreement and to enter Judgment when appropriate, and is ordered in aid of this Court's jurisdiction and to protect its judgments. This injunction does not apply to any person who files a Request for Exclusion pursuant to Paragraphs 14 and 15 of the Order.

22.     If the Settlement Agreement is not approved or consummated for any reason whatsoever, the Settlement Agreement and all proceedings in connection with the Settlement Agreement will be without prejudice to the right of State Farm or Plaintiffs to assert any right or position that could have been asserted if the Settlement Agreement had never been reached or proposed to the Court. In such an event, the Parties will return to the *status quo ante* in the Litigation and the certification of the Settlement Class will be deemed vacated. The certification of the Settlement Class for settlement purposes will not be considered as a factor in connection with any subsequent class certification issues.

23.     <u>No Admission of Liability</u>. The Settlement Agreement and any and all negotiations, documents, and discussions associated with it, will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation, or principle of common law or equity, or of any liability or wrongdoing by State Farm or any other party, or the truth of any of the allegations in the Litigation. The Settlement Agreement and any and all negotiations, documents, and discussions associated with it, will not be deemed or construed to be

8

an admission by State Farm that the Litigation is properly brought on a class or representative basis, or that classes may be certified, other than for settlement purposes. To this end, the negotiation and execution of the Settlement Agreement and all acts performed or documents executed pursuant to or in furtherance of the Settlement Agreement: (i) are not and will not be deemed to be, and may not be used as, an admission or evidence of any wrongdoing or liability on the part of State Farm or of the truth of any of the allegations in the Litigation; (ii) are not and will not be deemed to be, and may not be used as an admission or evidence of any fault or omission on the part of State Farm in any civil, criminal, or administrative proceeding in any court, arbitration forum, administrative agency, or other tribunal; and, (iii) are not and will not be deemed to be and may not be used as an admission of the appropriateness of these or similar claims for class certification.

24.     <u>Reasonable Procedures to Effectuate the Settlement Agreement</u>.  Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement Agreement that are not materially inconsistent with this Order or the Settlement Agreement, including making, without further approval of the Court, minor changes to the form or content of the Notice and other exhibits that they jointly agree are reasonable and necessary.   The Court reserves the right to approve the Settlement Agreement with such modifications, if any, as may be agreed to by the Parties without further notice to the members of the Class.

25.     <u>Schedule of Future Events</u>.  The following are the deadlines by which certain events must occur:

| _____, 2016<br>[30 calendar days after the date of this order] | Deadline to Provide Class Notice |
| --- | --- |

| _____, 2016<br>[30 days after the Settlement Notice Date] | Deadline for Class Plaintiffs' Motion for Attorneys' Fees and Incentive Awards |
| --- | --- |
| _____, 2016<br>[60 days after the Settlement Notice Date] | Deadline for Class Members to file Objections or submit Requests for Exclusion |
| _____, 2016<br>[14 days before the Final Approval Hearing] | Deadline for Parties to File the Following:<br>   (1) List of Class Members who Made Timely and Proper Requests for Exclusion;<br>   (2) Proof of Class Notice and CAFA Notice; and<br>   (3) Motion and Memorandum in Support of Final Approval, including responses to any Objections. |
| _____, 2016,<br>at 9:00am | Final Approval Hearing |

SO ORDERED.

Dated:_____

_____
Hon. Amy J. St. Eve
United States District Court Judge

# EXHIBIT B

**Mailed Notice**

**Notice of Class Action Settlement**
*A federal court authorized this notice. You are not being sued.*

**Records show that you are entitled to money from a class action settlement. You do not need to do anything to receive this money.**

A Settlement has been reached in a class action lawsuit claiming that Variable Marketing, LLC, a/k/a Instant Insurance Marketing, a/k/a Instant Insurance Transfers, a/k/a Auto Insurance Placement Center, among other names, made calls to cell phones using a prerecorded voice in an attempt to sell Lead Information to State Farm Agents. State Farm denies any liability or wrongdoing of any kind, and the Court has not decided who is right, but State Farm has reached a Settlement of these claims.

**Who's Included?** The Court decided that the Settlement Class includes all persons within the United States who:

> received a non-emergency telephone call from Variable to a cellular telephone through the use of an automatic telephone dialing system or an artificial or prerecorded voice, and whose Lead Information was transferred to a State Farm Agent between January 1, 2012 and October 1, 2013.

**What Are the Settlement Terms?** A Settlement Fund of $7,000,000.00 has been established to pay all members of the Settlement Class, attorneys' fees and expenses, service awards, and settlement administration costs and expenses.

**How Can You Get a Payment?** To get a Cash Award you **are not required to take any action**. Each Settlement Class Member with a valid mailing address will be automatically sent a payment by check of approximately $60. The final cash payment amount that Settlement Class Members receive will depend on the total number of Settlement Class Members with valid mailing addresses. Additional cash distributions may occur from the proceeds of any uncashed checks. If you do nothing, you will release your claims against State Farm and the Released Parties related to State Farm.

**Your Other Options.** If you do not want to be legally bound by the Settlement, you must exclude yourself from the Settlement Class by **[DATE]**. If you exclude yourself, you get no payment from the Settlement. You may object to the Settlement by **[DATE]**. The information available on the Settlement website (www.variabletcpasettlement.com) explains how to exclude yourself or object. The Court will hold a Hearing on **[DATE]** to consider whether to approve the Settlement and a request for attorneys' fees of up to $2,333,333 and service payments of up to $15,000 each to the two Class Representatives. You may appear at the hearing, either yourself or through an attorney hired by you, but you do not have to appear at the hearing.

For more information, call the Claims Administrator's toll free number (***-***-****) or visit the Claims Administrator's website at www.variabletcpasettlement.com. The capitalized terms used in this Notice are defined in the Settlement Agreement, which is available on the Claims Administrator's website.

**EXHIBIT B**

# EXHIBIT C

<u>**LEGAL NOTICE BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS**</u>

# If you received an automated call to your cell phone and were transferred to a State Farm Agent between January 1, 2012 and October 1, 2013, you may be entitled to a payment from a class action settlement.

A court authorized this notice. This is not a solicitation from a lawyer.

- This lawsuit alleges that an auto insurance lead generation company called Variable Marketing, LLC made prerecorded robocalls asking recipients to "press 1" to receive auto insurance quotes, and claims that State Farm should be liable for leads that were transferred to State Farm Agents, arising from such calls.

- State Farm has denied all liability or responsibility for these calls, and asserts that it did not make or authorize them.

- The Settlement, if approved, would provide $7,000,000.00 to make payments to the individuals described above, as well as to pay Plaintiffs' attorneys' fees and costs, service awards for the two Representative Plaintiffs, and the administrative costs of the Settlement.

- The Settlement avoids the further cost and risk associated with continuing the lawsuits; pays money to recipients of the calls who are eligible Settlement Class Members; and releases State Farm and the Released Parties from liability.

**Your legal rights are affected whether you act or don't act.  Read this Notice carefully.**

**On the website, www.varibletcpasettlement.com, there is a complete Notice of the settlement in Spanish.**

(En el sitio web, www.variabletcpasettlement.com, hay una notificación completa del acuerdo en Español.)

1
**EXHIBIT C**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **OPTION** | **RESULT** |
| **DO NOTHING** | To get a payment from the Settlement you are **not required to take any action**. Each Settlement Class Member with a valid mailing address will be automatically sent a payment by check of approximately $60. The final cash payment amount that Settlement Class Members receive will depend on the total number of Settlement Class Members with valid mailing addresses. Additional cash distributions may occur from the proceeds of uncashed checks. If you do nothing, you will release your claims against State Farm and the Released Parties related to State Farm. |
| **EXCLUDE YOURSELF OR "OPT OUT" OF THE SETTLEMENT** | If you ask to be excluded, also known as "opting out," you will get no payment from the Settlement, but you may be able to pursue your own lawsuit against State Farm about the legal claims in this case at your own expense. |
| **OBJECT** | Write to the Court about why you believe the Settlement is unfair. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the Settlement. |

These rights and options - **and the deadlines to exercise them** - are explained in this Notice. The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made if the Court approves the Settlement. Please be patient.

**EXHIBIT C**

**BASIC INFORMATION** ................................................................................................... **PAGE 4**
    Why is there a Notice?
    What is this class action lawsuit about?
    Why is there a Settlement?

**WHO IS IN THE SETTLEMENT** ................................................................................... **PAGE 5**
    How do I know if I am part of the Settlement?

**THE SETTLEMENT BENEFITS - WHAT YOU GET** ................................................. **PAGE 5**
    What does the Settlement provide?

**HOW YOU GET A PAYMENT** ....................................................................................... **PAGE 5**
    How do I get a payment?
    When do I get a payment?
    What am I giving up to get a payment or stay in the Settlement Class?

**EXCLUDING YOURSELF FROM THE SETTLEMENT** ............................................ **PAGE 6**
    How do I exclude myself from the Settlement?

**THE LAWYERS REPRESENTING YOU** .................................................................... **PAGE 7**
    Do I have a lawyer in this case?
    How will the lawyers and class representatives be paid?

**OBJECTING TO THE SETTLEMENT** ......................................................................... **PAGE 8**
    How do I tell the Court that I do not think the Settlement is fair?

**THE COURT'S FAIRNESS HEARING** ....................................................................... **PAGE 8**
    When and where will the Court decide whether to approve the Settlement?
    May I speak at the hearing?

**IF YOU DO NOTHING** ................................................................................................... **PAGE 9**
    What happens if I do nothing at all?

**GETTING MORE INFORMATION** .............................................................................. **PAGE 9**
    How do I get more information?

**EXHIBIT C**

BASIC INFORMATION

**Why is there a Class Notice?**

A Court authorized this Notice because you have a right to know about a proposed Settlement of this class action lawsuit, and about all of your options, before the Court decides whether to approve the Settlement. If the Court approves the Settlement, an administrator appointed by the Court will make the payments that the Settlement allows. Because your rights will be affected by this Settlement, it is extremely important that you read this Notice carefully.

If you received a Postcard Notice, it is because, according to the records that have been obtained in the course of this lawsuit, you received an automated call from Variable to a cellular telephone between January 1, 2012 and October 1, 2013, in an attempt to sell Lead Information to State Farm Agents.

**What is the class action lawsuit about?**

The Court in charge of the case is the United District Court for the Northern District of Illinois, and the case is a class action known as *Smith, et al. v. State Farm Mutual Automobile Insurance Company, et al.*, Case No.: 1:13-cv-02018 (N.D. Ill.). This case was brought by Jennifer Smith and Shawn Matejovich, also known as "Representative Plaintiffs." The Representative Plaintiffs sued Variable and State Farm, also known as "Defendants."

A class action is a lawsuit in which the claims and rights of many people are decided in a single court proceeding. Representative Plaintiffs, also known as "class representatives," assert claims on behalf of the entire class.

The Representative Plaintiffs who filed this case claim that Variable Marketing, LLC ("Variable") made automated calls to cell phones without the prior express consent of the recipients in an attempt to sell Lead Information to State Farm Agents. The Representative Plaintiffs have alleged that this calling violated a federal statute called the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and that both Variable and State Farm are liable for such violations.

State Farm denies any liability or wrongdoing of any kind and further denies that this case is appropriate for treatment as a class action.

**Why is there a Settlement?**

The Court did not decide in favor of the Representative Plaintiffs or State Farm. Both sides agreed to a settlement instead of going to trial. That way, they avoid the cost of a trial, and the people affected will get compensation. The Representative Plaintiffs and their attorneys think the Settlement is best for all Settlement Class Members. The Court in charge of this lawsuit has granted preliminary approval of the Settlement and ordered that this Notice be distributed to explain it.

4
**EXHIBIT C**

**WHO IS IN THE SETTLEMENT**

**How do I know if I am part of the Settlement?**

The Settlement provides relief for all Settlement Class Members, who are described as individuals who:

> received an automated call from Variable to a cellular telephone and whose Lead Information was transferred to a State Farm Agent between January 1, 2012 and October 1, 2013.

If you have questions about whether you are a Settlement Class Member, or are still not sure whether you are included in the Settlement, you can call the Claims Administrator toll-free at 1-***-***-**** or visit www.variabletcpasettlement.com for more information.

**THE SETTLEMENT BENEFITS - WHAT YOU GET**

**What does the Settlement provide?**

State Farm has agreed to pay a total settlement amount of $7,000,000.00, which will be used to create a Settlement Fund to pay Settlement Awards to Settlement Class Members, Plaintiffs' attorneys' fees and expenses, service awards to the Representative Plaintiffs, and settlement administration costs and expenses.

Each Settlement Class Member identified from the Variable lead data and having a valid mailing address will be automatically sent a payment by check of approximately $60. The amount of the payment that will be automatically sent to you will depend on the total number of members of the Settlement Class. Additional cash distributions may occur from the proceeds of any uncashed checks.

**HOW YOU GET A PAYMENT**

**How do I get a payment?**

To get a Cash Award **you are not required to take any action**. Each Settlement Class Member with a valid mailing address will be automatically sent a payment by check of approximately $60. The final cash payment amount that Settlement Class Members receive will depend on the total number of Settlement Class Members with valid mailing addresses. Additional cash distributions may occur from the proceeds of any uncashed checks.

Each Settlement Class Member is eligible to receive one Cash Award regardless of the number of times the Settlement Class Member was called or the number of cellular numbers at which the Settlement Class Member was called.

**When do I get a payment?**

5
**EXHIBIT C**

The Court will hold a hearing on [DATE] to decide whether to approve the Settlement. If the Settlement is approved, appeals may still follow. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. Please be patient.

After the initial payments of Settlement Awards, smaller cash distributions may occur from the proceeds of any uncashed checks.

**What am I giving up to get a payment or stay in the Settlement Class?**

Being a Settlement Class Member means, unless you exclude yourself, that you cannot sue, continue to sue, or be part of any other lawsuit against State Farm about the legal issues in this case, and that all of the decisions and judgments by the Court will bind you.

If you were to file your own lawsuit for violations of the TCPA and prevailed, you could obtain damages of $500 per violation, or up to $1,500 per violation if the statute is found to have been willfully or knowingly violated. However, State Farm has denied that it made any illegal calls to anyone or engaged in any wrongdoing of any kind, and State Farm has a full range of potential defenses, including that State Farm should not be held liable for the calls Variable made. In addition, the TCPA does not provide for attorneys' fees to prevailing individual plaintiffs.

If you accept a Cash Award or do not exclude yourself from the lawsuit, you will be unable to file your own lawsuit involving all of the claims described and identified below, and you will release State Farm and the Released Parties from any liability for them. The Released Parties are related to State Farm and its agents, and do not include Variable.

Remaining in the Settlement Class means that you, as well as your respective assigns, heirs, executors, administrators, successors and agents, will release, resolve, relinquish and discharge each and every one of the Released Parties (as defined in Section 2.30 of the Settlement Agreement) from any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, foreign law, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law, or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, as of the date of the Final Approval Order, that arise out of the Litigation (as defined in Section 2.20 of the Settlement Agreement) or the facts that give rise to this Litigation, including all claims that could have been asserted in this Litigation.

Remaining in the Settlement Class also means that you further agree you will not institute any action or cause of action (in law, in equity or administratively), suits, debts, liens, or claims, known or unknown, fixed or contingent, which you may have or claim to have, in state or federal court, in arbitration, or with any state, federal or local government agency or with any administrative or advisory body, arising from or reasonably related to the Released Claims.

The Settlement Agreement (available at www.variabletcpasettlement.com) provides more detail regarding the release and describes the Released Parties and Released Claims with accurate legal terminology, so read it carefully. You can talk to the law firms representing the Settlement Class listed in the "Do I have a lawyer in this case?" question below for free or you can, at your own

expense, talk to your own lawyer if you have any questions about the Released Parties or the Released Claims or what they mean.

The release does not apply to Settlement Class Members who timely opt-out of the Settlement.

### EXCLUDING YOURSELF FROM THE SETTLEMENT

**How do I exclude myself from the Settlement?**

If you do not want a Cash Award from this Settlement, and you want to keep the right to sue State Farm on your own about the legal issues in this case, then you must take steps to exclude yourself from the Settlement. Sometimes excluding yourself is referred to as "opting out" of the Settlement Class.

To exclude yourself from the Settlement, you must send a signed letter by mail saying that you want to be excluded from *Smith, et al. v. State Farm Mutual Automobile Insurance Company, et al.*, Case No.: 1:13-cv-02018 (N.D. Ill.). Be sure to include your full name, address, and telephone number, along with the statement that you wish to be excluded from the Settlement. You must mail your letter requesting exclusion postmarked no later than [DATE] to:

**Variable TCPA Settlement Claims Administrator**
**\*\*\*\*\*\*\*\*\*\*\*\*\***
**\*\*\*\*\*\*\*\*\*\*\*\***

If you ask to be excluded, you will not get any Settlement Award, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit.

If you do not exclude yourself and the Settlement is finally approved, you give up any right to sue State Farm on any of the claims that this Settlement resolves. If you have a pending lawsuit against State Farm over these claims, speak to your lawyer in that case immediately. You must exclude yourself from this Class to continue your own lawsuit.

You cannot exclude yourself by telephone or by email. You cannot exclude yourself by mailing a request to any location other than the address above or after the deadline. You must sign your letter requesting exclusion. A lawyer cannot sign for you. No one else can sign for you. If you opt out, your name will appear in the Court's records to identify you as someone not bound by the Settlement.

**EXCLUSION LETTERS THAT ARE NOT POSTMARKED ON OR BEFORE [DATE] WILL NOT BE HONORED.**

### THE LAWYERS REPRESENTING YOU

**Do I have a lawyer in this case?**

The Court appointed the following law firms to represent you and other Settlement Class Members:

**EXHIBIT C**

Lead Class Counsel:

> Lieff Cabraser Heimann & Bernstein, LLP
> 275 Battery Street, 29th Floor
> San Francisco, CA 94111
>
> Burke Law Offices, LLC
> 155 N. Michigan Ave., Suite 9020
> Chicago, IL 60601

Additional Class Counsel:

> Broderick & Paronich Law, P.C.
> Edelman, Combs, Latturner & Goodwin, LLC
> Law Offices of Mathew McCue
> Meyer Wilson Co. LPA

These lawyers are called Class Counsel. You will not be charged for these lawyers' services related to this Settlement. If you want to be represented by your own lawyer, you may hire one at your own expense.

**How will the lawyers and class representatives be paid?**

Class Counsel will ask the Court to approve payment of up to $2,333,333 (33⅓% of the Settlement Fund) to compensate them for expenses and for attorneys' fees for investigating the facts, litigating the case, and negotiating the Settlement. Class Counsel will also request an award of service payments of up to $15,000 each to the two Representative Plaintiffs, in compensation for their time and effort. The Court may award less than these amounts. These payments, along with the costs of administering the Settlement, will be made out of the Settlement Fund.

Any objection to Class Counsel's application for attorneys' fees and costs may be mailed, and must be postmarked no later than [DATE], which is thirty (30) days following the filing of Class Counsel's motion for an award of attorneys' fees and costs. You can object by sending a letter addressed to the Court at the address listed in the next section of this Notice. In your letter you must state that you object. Be sure to include your full name, address, telephone number, and the reasons you object to the proposed award, or to the amount of the proposed award.

OBJECTING TO THE SETTLEMENT

**How do I tell the Court that I do not think the Settlement is fair?**

You can tell the Court that you do not agree with the Settlement or some part of it. If you are a Settlement Class Member, you can object to the Settlement if you do not think the Settlement is fair. You can state the reasons why you think the Court should not approve it. The Court

8
**EXHIBIT C**

will consider your views.  To object, you must send a letter to the Court saying that you object to the  proposed Settlement  in  *Smith, et al. v. State Farm Mutual Automobile Insurance Company, et al.*, Case No.: 1:13-cv-02018 (N.D. Ill.).  Be sure to include your full name, address, cellular telephone number(s) to which you received a call, the reasons you object to the Settlement and whether you intend to appear at the fairness hearing on your own behalf or through counsel.  You must also state whether the objection is being made on your behalf only, or on behalf of other class members, and you must identify any lawyer who was consulted as to the objection or this case.  Any supporting documents must also be attached to the objection. **Your objection to the Settlement must  be postmarked no later than [DATE]**.

The objection must be mailed to:

**Clerk of Court**
**U.S. District Court, Northern District of Illinois**
**Everett McKinley Dirksen United States Courthouse**
**219 South Dearborn Street**
**Chicago, IL 60604**

Objecting is simply telling the Court that you do not like something about the Settlement.  You can object only if you stay in the Settlement Class.  Excluding yourself (also known as opting out), is telling the Court that you do not want to be included in the Settlement.  If you exclude yourself, you cannot object because the Settlement no longer affects you.

**THE FAIRNESS HEARING**

**When and where will the Court decide whether to approve the Settlement?**

The Court will hold a hearing to decide whether to approve the Settlement.  This Fairness Hearing will be held at [TIME] on [DATE] in Courtroom 1241 of the U.S. District Court for the Northern District of Illinois, 219 South Dearborn Street, Chicago, Illinois 60604.  The hearing may be moved to a different date or time without additional notice, so it is a good idea to check  the settlement website for updates.  At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate, and whether to award attorneys' fees, expenses, and service awards as described above, and in what amounts.  If there are objections, the Court will consider them.  After the hearing, the Court will decide whether to approve the Settlement.  We do not know how long it will take the Court to issue its decision.  It is not necessary for you to appear at this hearing, but  you may attend at your own expense.

**May I speak at the hearing?**

You may ask the Court for permission to speak at the Fairness Hearing.  To do so, you must send a letter saying that you intend to appear at the Fairness Hearing in *Smith, et al. v. State Farm Mutual Automobile Insurance Company, et al.*, Case No.: 1:13-cv-02018 (N.D. Ill.).  Be sure to include your full name, address, and telephone number.  You cannot speak at the  hearing if you excluded yourself from the Settlement Class.  **Your letter stating your notice of intention to appear must be postmarked no later than [DATE] and be sent to the following address:**

9
**EXHIBIT C**

**Clerk of Court**
**U.S. District Court, Northern District of Illinois**
**Everett McKinley Dirksen United States Courthouse**
**219 South Dearborn Street**
**Chicago, IL 60604**

### IF YOU DO NOTHING

**What happens if I do nothing at all?**

If you do nothing, and are a Settlement Class Member with a valid mailing address, you will be sent a Cash Award by check after the Court approves the Settlement. Unless you exclude yourself, you will be bound by the terms and conditions of the Settlement and you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against State Farm about the legal issues in this case, ever again.

### GETTING MORE INFORMATION

**How do I get more information?**

This Notice summarizes the proposed Settlement. More details are in the Settlement Agreement. You can get a copy of the Settlement Agreement by calling the Claims Administrator toll-free at 1-***-***-****; writing to: State Farm TCPA Settlement Claims Administrator, _____; or visiting the website at www.variabletcpasettlement.com, where you will find answers to common questions about the Settlement plus other information to help you determine whether you are a Settlement Class Member and whether you are eligible for a payment.

On the website, www.variabletcpasettlement.com, there is a complete Notice of the settlement in Spanish. (En el sitio web, www.variabletcpasettlement.com, hay una notificación completa del acuerdo en Español.)

**EXHIBIT C**

# EXHIBIT D

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JENNIFER SMITH, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | 1:13-cv-2018 |
| v. | ) | |
| | ) | Hon. Amy J. St. Eve |
| STATE FARM MUTUAL AUTOMOBILE | ) | |
| INSURANCE COMPANY, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**[PROPOSED] FINAL ORDER OF DISMISSAL AND JUDGMENT**

The Court having held a Final Approval Hearing on [DATE] , notice of the Final Approval Hearing having been duly given in accordance with this Court's Order (1) Conditionally Certifying a Settlement, (2) Preliminarily Approving Class Action Settlement, (3) Approving Notice, and (4) Setting Final Approval Hearing ("Preliminary Approval Order"), and having considered all matters submitted to it at the Final Approval Hearing and otherwise, and finding no just reason for delay in entry of this Final Order and good cause appearing therefore,

It is hereby ORDERED AND DECREED as follows:

1.      The Settlement Agreement dated July ___, 2016, including its exhibits (the "Settlement Agreement"), and the definition of words and terms contained therein are incorporated by reference in this Order. The terms of this Court's Preliminary Approval Order are also incorporated by reference in this Order.

2.      This Court has jurisdiction over the subject matter of the Litigation and over the Parties, including all members of the following Settlement Class certified for settlement purposes in this Court's Preliminary Approval Order:

SETTLEMENT CLASS: All persons within the United States who received a non-emergency telephone call from Variable to a cellular

**EXHIBIT D**

telephone through the use of an automatic telephone dialing system or an artificial or prerecorded voice, and whose Lead Information was transferred to a State Farm Agent between January 1, 2012 and October 1, 2013.

3. The Court hereby finds that the Settlement Agreement is the product of arms' length settlement negotiations between the Plaintiffs and Class Counsel, and State Farm and their counsel.

4. The Court hereby finds and concludes that Class Notice was disseminated to the Settlement Class Members in accordance with the terms set forth in Section VIII of the Settlement Agreement, and that Class Notice and its dissemination were in compliance with this Court's Preliminary Approval Order.

5. The Court further finds and concludes that the Class Notice procedures set forth in Section VIII of the Settlement Agreement fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, provided individual notice to all Settlement Class Members who could be identified through reasonable effort, and support the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Settlement Agreement and this Order.

6. This Court hereby finds and concludes that the notice provided by the Class Administrator to the appropriate State and federal officials pursuant to 28 U.S.C. § 1715 fully satisfied the requirements of that statute.

7. A total of [number] Settlement Class Members submitted timely and proper Requests for Exclusion. The Court hereby orders that each of those individuals is excluded from the Settlement Class. Those individuals will not be bound by the Settlement Agreement, and neither will they be entitled to any of its benefits.

8. A total of [number] Settlement Class Members submitted timely and proper Objections to the Settlement Agreement. Having considered those Objections and the Parties' responses to them, the Court finds that none of them are well founded. Plaintiffs faced very serious

2

risks both on the merits of their claims and on the ability to certify a litigation class. The value provided pursuant to the Settlement Agreement compares favorably to the strength of Plaintiffs' claims on the merits, given these risks.

9.　　The Court hereby finally approves the Settlement Agreement, the exhibits, and the settlement contemplated thereby, and finds that the terms constitute, in all respects, a fair, reasonable, and adequate settlement as to all Settlement Class Members in accordance with Rule 23 of the Federal Rules of Civil Procedure, and directs its consummation pursuant to its terms and conditions.

10.　　This Court hereby dismisses, with prejudice, without costs to any party, all claims against State Farm in the Litigation, as defined in the Settlement Agreement, and the Plaintiffs' individual claims against Variable, without prejudice to other Class Members' claims against Variable. This dismissal includes the dismissal with prejudice of the claims against State Farm in the Litigation of all current and former plaintiffs.

11.　　Upon Final Approval (including, without limitation, the exhaustion of any judicial review, or requests for judicial review from this Final Order of Dismissal), Plaintiffs and each Settlement Class Member, as well as their respective assigns, heirs, executors, administrators, successors, and agents, hereby release, resolve, relinquish, and discharge each and every one of the Released Parties from each of the Released Claims (as defined in the Settlement Agreement). The Plaintiffs and the Settlement Class Members further agree that they will not institute any action or cause of action (in law, in equity or administratively), suits, debts, liens, or claims, known or unknown, fixed or contingent, which they may have or claim to have, in state or federal court, in arbitration, or with any state, federal or local government agency or with any administrative or advisory body, arising from or reasonably related to the Released Claims. The Released Claims

3

specifically extend to claims that Plaintiffs and Settlement Class Members do not know or suspect to exist in their favor at the time that the Settlement Agreement and the releases contained therein become effective. This Release shall be interpreted to the fullest extent of *res judicata* principles. In addition, any rights of the Plaintiffs and each and every one of the Settlement Class Members to the protections afforded under Section 1542 of the California Civil Code and/or any other similar, comparable, or equivalent laws, are terminated.

12.    All current and former plaintiffs in the Litigation and each and every Settlement Class Member, and any person actually or purportedly acting on behalf of any Settlement Class Member(s), is hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting, or enforcing any Released Claims (including, without limitation, in any individual, class or putative class, representative or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral, or other forum, against each and every one of the Released Parties. This permanent bar and injunction is necessary to protect and effectuate the Settlement Agreement, this Final Order of Dismissal, and this Court's authority to effectuate the Settlement Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

13.    The Settlement Agreement (including, without limitation, its exhibits), and any and all negotiations, documents, and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation, or principle of common law or equity, or of any liability or wrongdoing by State Farm, or the truth of any of the allegations in the Litigation. The Settlement Agreement and any and all negotiations, documents, and discussions associated with it, will not be deemed or construed to be an admission by State Farm that the Litigation is properly brought on a class or representative basis, or that

classes may be certified, other than for settlement purposes. To this end, the settlement of the Litigation, the negotiation and execution of the Settlement Agreement, and all acts performed or documents executed pursuant to or in furtherance of the Settlement Agreement: (i) are not and will not be deemed to be, and may not be used as, an admission or evidence of any wrongdoing or liability on the part of State Farm or of the truth of any of the allegations in the Litigation; (ii) are not and will not be deemed to be, and may not be used as an admission or evidence of any fault or omission on the part of State Farm in any civil, criminal, or administrative proceeding in any court, arbitration forum, administrative agency, or other tribunal; and, (iii) are not and will not be deemed to be and may not be used as an admission of the appropriateness of these or similar claims for class certification.

14.     If for any reason the Settlement Agreement terminates or Final Approval does not occur, then certification of the Settlement Class and any Orders entered in connection with the Settlement Agreement shall be deemed vacated. In such an event, the certification of the Settlement Class for settlement purposes shall not be considered as a factor in connection with any subsequent class certification issues, and the Parties shall return to the *status quo ante* in the Litigation, without prejudice to the right of any of the Parties to assert any right or position that could have been asserted if the Settlement Agreement had never been reached or proposed to the Court.

15.     In the event that any provision of the Settlement Agreement or this Final Order of Dismissal is asserted by State Farm as a defense in whole or in part to any Claim, or otherwise asserted (including, without limitation, as a basis for a stay) in any other suit, action, or proceeding brought by a Settlement Class Member or any person actually or purportedly acting on behalf of any Settlement Class Member(s), that suit, action or other proceeding shall be immediately stayed

and enjoined until this Court or the court or tribunal in which the claim is pending has determined any issues related to such defense or assertion. Solely for purposes of such suit, action, or other proceeding, to the fullest extent they may effectively do so under applicable law, the Parties irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of the Court, or that the Court is, in any way, an improper venue or an inconvenient forum. These provisions are necessary to protect the Settlement Agreement, this Order and this Court's authority to effectuate the Settlement Agreement, and are ordered in aid of this Court's jurisdiction and to protect its judgment.

16.     By attaching the Settlement Agreement as an exhibit and incorporating its terms herein, the Court determines that this Final Order complies in all respects with Federal Rule of Civil Procedure 65(d)(1).

17.     The Court approves Class Counsel's application for $_____ in attorneys' fees and costs, and for service awards to the two (2) Settlement Class representatives in the amount of $_____ per representative, for a total amount of $_____.

18.     Upon the conclusion of the claims administration, the Claims Administrator shall provide the Court with a statement that all money in the Settlement Fund was distributed in accordance with the terms of the Settlement Agreement.

19.     Finding that there is no just reason for delay, the Clerk of the Court is directed to enter this Order on the docket and enter final judgment pursuant to Rule 54(b) forthwith.

20.     The Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation, and enforcement of the Settlement.

SO ORDERED.

Dated: _____          _____
                                       Hon. Amy J. St. Eve
                                       United States District Court Judge