# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JENNIFER SMITH, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | 1:13-cv-2018 |
| v. ) | |
| ) | Hon. Amy J. St. Eve |
| STATE FARM MUTUAL AUTOMOBILE ) | |
| INSURANCE COMPANY, et al. ) | |
| ) | |
| Defendants. ) | |

### ORDER (1) CONDITIONALLY CERTIFYING A SETTLEMENT CLASS, (2) PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, (3) APPROVING NOTICE PLAN AND (4) SETTING FINAL APPROVAL HEARING

This matter came before the Court on Class Plaintiffs' motion for preliminary approval of the proposed class action settlement of the following four class action cases that were either filed before or transferred to this Court : *Smith v. State Farm Mutual Automobile Insurance Company*, Case No.: 1:13-cv-02018 (N.D. Ill.) (the "*Smith* Action"); *Blotzer, et al. v. State Farm, et al.,* Case No.: 13CV1797 (S.D. Cal.) (the "*Blotzer* Action"); *Primack, et al. v. State Farm, et al.* Case No. 1:13-cv-06694 (N.D. Ill.) (the "*Primack* Action"); and *Matejovich, et al. v. American Automobile Association, Inc., et al.*, Case No.: 1:13-cv-07149 (N.D. Ill.) (the "*Matejovich* Action"). These four cases were consolidated into a single Master Class Action Complaint filed in this Court on February 4, 2014, Dkt. 111, which was amended on September 4, 2014, Dkt. 153 (the "Master Class Action Complaint.") The *Smith* Action, the *Blotzer* Action, the *Primack* Action, and the *Matejovich* Action are collectively referred to as to the "Litigation." The Master Class Action Complaint was brought by Class Plaintiffs Jennifer Smith and Shawn Matejovich ("Class Plaintiffs" or "Class Representatives"), individually and on behalf of all others similarly situated against Defendants State Farm Mutual Automobile Insurance Company ("State Farm")

and Variable Marketing, LLC, a/k/a Instant Insurance Marketing, a/k/a Instant Insurance Transfers, a/k/a Auto Insurance Placement, among other names ("Variable"). Based on this Court's review of the Parties' Settlement Agreement and Release (the "Settlement Agreement"), Class Plaintiffs' Motion for Preliminary Approval of Settlement, and the arguments of counsel, THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:

1. Settlement Terms. Unless otherwise defined herein, all terms in this Order shall have the meanings ascribed to them in the Settlement Agreement.

2. Jurisdiction. The Court has jurisdiction over the subject matter of the Litigation, the Parties, and all Settlement Class Members.

3. Scope of Settlement Agreement. The Settlement Agreement resolves the Litigation, including all claims alleged in the Master Complaint, as amended, filed in the Northern District of Illinois on September 4, 2014. Dkt. 153.

4. Preliminary Approval of Settlement Agreement. The Court has conducted a preliminary evaluation of the Settlement Agreement for fairness, adequacy, and reasonableness. Based on this preliminary evaluation, the Court finds that: (i) the Settlement Agreement is fair, reasonable, and adequate, and within the range of possible approval; (ii) the Settlement Agreement has been negotiated in good faith at arms' length between experienced attorneys familiar with the legal and factual issues of this case; and (iii) with respect to the forms of notice of the material terms of the Settlement Agreement to Settlement Class Members for their consideration and reaction (Exs. B and C to the Settlement Agreement), that notice is appropriate and warranted. Therefore, the Court grants preliminary approval of the Settlement Agreement.

5. <u>Class Certification for Settlement Purposes Only</u>. The Court, pursuant to Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure, conditionally certifies, for purposes of settlement only, the following Settlement Class:

> All persons within the United States who received a non-emergency telephone call from Variable to a cellular telephone through the use of an automatic telephone dialing system or an artificial or prerecorded voice, and whose Lead Information was transferred to a State Farm Agent between January 1, 2012 and October 1, 2013. Excluded from the Settlement Class are all persons who validly opt out of the Settlement Class.

6. In connection with this conditional certification, the Court makes the following preliminary findings:

(a) The Settlement Class is so numerous that joinder of all members is impracticable;

(b) There are questions of law or fact common to the Settlement Class for purposes of determining whether the Settlement Agreement should be approved;

(c) Class Plaintiffs' claims are typical of the claims being resolved through the Settlement Agreement;

(d) Class Plaintiffs are capable of fairly and adequately protecting the interests of all members of the Settlement Class in connection with the Settlement Agreement;

(e) For purposes of determining whether the Settlement Agreement is fair, reasonable, and adequate, common questions of law and fact predominate over questions affecting only individual persons in the Settlement Class and, accordingly, the Settlement Class is sufficiently cohesive to warrant settlement by representation; and

(f) For purposes of settlement, certification of the Settlement Class is superior to other available methods for the fair and efficient settlement of the claims of the Settlement Class.

7. <u>Class Representatives</u>.  The Court appoints Plaintiffs as Class Representatives of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

8. <u>Claims Administrator</u>.  Pursuant to the Settlement Agreement, Rust Consulting is hereby appointed as Claims Administrator and shall be required to perform all the duties of the Claims Administrator as set forth in the Settlement Agreement and this Order.

9. <u>Class Counsel</u>.  The Court appoints Lieff, Cabraser, Heimann & Bernstein, LLP as Lead Class Counsel; Burke Law Offices, LLC as Liaison Counsel; and Broderick & Paronich Law, P.C., Meyer Wilson Co., LPA, and Law Offices of Mathew McCue, Edelman, Combs, Latturner & Goodwin, LLC as additional Class Counsel (collectively "Class Counsel") pursuant to Rule 23 of the Federal Rules of Civil Procedure.

10. <u>Final Approval Hearing</u>.  At 8:30 a.m. on December 14, 2016, in Courtroom 1241 of the Everett McKinley Dirksen Building, United States Courthouse, 219 Dearborn Street, Chicago, Illinois, or at such other date and time later set by Court Order, this Court will hold a Final Approval Hearing on the fairness, adequacy, and reasonableness of the Settlement Agreement and to determine whether (i) final approval of the Settlement Agreement should be granted, and (ii) Class Counsel's application for attorneys' fees and expenses, and incentive awards to Class Plaintiffs should be granted, and in what amount.  No later than October 10, 2016, which is thirty-five (35) days prior to the deadline for Class Members to opt out of or object to the Settlement, Class Plaintiffs must file papers in support of Class Counsel's application for attorneys' fees and expenses and the incentive awards to the Class Representatives.  No later than November 30, 2016, which is fourteen (14) days prior to the Final Approval Hearing, Class Plaintiffs must file papers in support of final approval of the Settlement Agreement and respond to any written objections.  State Farm may (but is not required

to) file papers in support of final approval of the Settlement Agreement and in response to written objections, so long as State Farm does so no later than November 30, 2016.

11. Class Notice. The Court approves the proposed Notice plan for giving notice to the Settlement Class directly through Mailed Notice and through Website Notice and the establishment of a Settlement Website (www.variabletcpasettlement.com), as more fully described in the Settlement Agreement. The Notice plan, in form, method, and content, complies with the requirements of Rule 23 and due process, and constitutes the best notice practicable under the circumstances. The Court hereby directs the Parties and the Claims Administrator to complete all aspects of the Notice plan no later than September 8, 2016, in accordance with the terms of the Settlement Agreement.

12. The Claims Administrator will file with the Court by no later than November 30, 2016, which is fourteen (14) days prior to the Final Approval Hearing, proof that Notice was provided in accordance with the Settlement Agreement and this Order, as well as proof that notice was provided to the appropriate State and federal officials pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715.

13. Objection and Opt-Out Deadline. Pursuant to the Settlement Agreement, Settlement Class Members who wish to either object to the Settlement Agreement or opt out by completing a Request for Exclusion must do so by the Objection Deadline and Opt-Out Deadline of November 14, 2016, both of which are sixty-seven (67) calendar days after the Settlement Notice Date. Settlement Class Members may not both object and opt out. If a Settlement Class Member submits both a Request for Exclusion and an objection, the Request for Exclusion will be controlling.

14. Exclusion from the Settlement Class. To file a Request for Exclusion,

Settlement Class Members must follow the directions in the Notice and send a compliant request to the Claims Administrator at the address designated in the Class Notice by the Opt-Out Deadline. In the Request for Exclusion, the Settlement Class Member must state his or her full name, address, and must state that he or she wishes to be excluded from the Settlement Class. No Request for Exclusion will be valid unless all of the information described above is included. No Settlement Class Member, or any person acting on behalf of or in concert or participation with that Settlement Class Member, may exclude any other Settlement Class Member from the Settlement Class.

15. If a timely and valid Request for Exclusion is made by a Settlement Class Member, then that person will not be a Settlement Class Member, and the Settlement Agreement and any determinations and judgments concerning it will not bind the excluded person.

16. All Settlement Class Members who do not opt out by filing a Request for Exclusion by November 14, 2016 in accordance with the terms set forth in the Settlement Agreement will be bound by all determinations and judgments concerning the Settlement Agreement.

17. <u>Objections to the Settlement Agreement</u>. To object to the Settlement Agreement, Settlement Class Members must follow the directions in the Notice and file a written Objection with the Court by the Objection Deadline. In the written Objection, the Settlement Class Member must state his or her full name, address, and cellular telephone number(s) that the Settlement Class Member alleges received a call from one of the Defendants, must state the reasons for his or her Objection, must state whether the objection is purporting to be made on the individual's behalf, only, or on behalf of other class members, must identify any lawyer that was consulted as to such objection or this case, and must state whether he or she intends to appear at

the Fairness Hearing on his or her own behalf or through counsel. Any documents supporting the Objection must also be attached to the Objection. No Objection will be valid unless all of the information described above is included. The Parties will have the right to depose any objector to assess whether the objector has standing or motives that are inconsistent with the interests of the Class.

18. If a Settlement Class Member does not submit a written Objection to the Settlement Agreement or the application of Class Counsel for attorneys' fees and expenses or the incentive awards in accordance with the deadline and procedure set forth in the Notice and this Order, but the Settlement Class Member wishes to appear and be heard at the Final Approval Hearing, the Settlement Class Member must (i) file a notice of intention to appear with the Court no later than the Objection Deadline; and (ii) comply with all other requirements of the Court for such an appearance.

19. Any Settlement Class Member who fails to comply with Paragraphs 17 and 18 (and as detailed in the Notice) will not be permitted to object to the Settlement Agreement at the Final Approval Hearing, will be foreclosed from seeking any review of the Settlement Agreement by appeal or other means, will be deemed to have waived his, her, or its objections, and will be forever barred from making any objections in the Action or any other related action or proceeding. All members of the Settlement Class, except those members of the Settlement Class who submit timely Requests for Exclusion, will be bound by all determinations and judgments in the Litigation, whether favorable or unfavorable to the Settlement Class.

20. <u>Stay of Other Proceedings</u>. Pending the final determination of whether the Settlement Agreement should be approved, and except as otherwise stated herein, all pre-trial proceedings and briefing schedules in the Litigation are stayed. If the Settlement Agreement is

terminated or final approval does not for any reason occur, the stay will be immediately terminated.

21. Pending the final determination of whether the Settlement Agreement should be approved, the Settlement Class Representatives and all Settlement Class Members are hereby enjoined from commencing, pursuing, maintaining, enforcing, or prosecuting, either directly or indirectly, any Released Claims in any judicial, administrative, arbitral, or other forum, against any of the Released Parties. Such injunction will remain in force until Final Approval or until such time as the Parties notify the Court that the Settlement Agreement has been terminated. This injunction is necessary to protect and effectuate the Settlement Agreement, this Preliminary Approval Order, and the Court's flexibility and authority to effectuate the Settlement Agreement and to enter Judgment when appropriate, and is ordered in aid of this Court's jurisdiction and to protect its judgments. This injunction does not apply to any person who files a Request for Exclusion pursuant to Paragraphs 14 and 15 of the Order.

22. If the Settlement Agreement is not approved or consummated for any reason whatsoever, the Settlement Agreement and all proceedings in connection with the Settlement Agreement will be without prejudice to the right of State Farm or Plaintiffs to assert any right or position that could have been asserted if the Settlement Agreement had never been reached or proposed to the Court. In such an event, the Parties will return to the *status quo ante* in the Litigation and the certification of the Settlement Class will be deemed vacated. The certification of the Settlement Class for settlement purposes will not be considered as a factor in connection with any subsequent class certification issues.

23. <u>No Admission of Liability</u>. The Settlement Agreement and any and all negotiations, documents, and discussions associated with it, will not be deemed or construed to be

an admission or evidence of any violation of any statute, law, rule, regulation, or principle of common law or equity, or of any liability or wrongdoing by State Farm or any other party, or the truth of any of the allegations in the Litigation. The Settlement Agreement and any and all negotiations, documents, and discussions associated with it, will not be deemed or construed to be an admission by State Farm that the Litigation is properly brought on a class or representative basis, or that classes may be certified, other than for settlement purposes. To this end, the negotiation and execution of the Settlement Agreement and all acts performed or documents executed pursuant to or in furtherance of the Settlement Agreement: (i) are not and will not be deemed to be, and may not be used as, an admission or evidence of any wrongdoing or liability on the part of State Farm or of the truth of any of the allegations in the Litigation; (ii) are not and will not be deemed to be, and may not be used as an admission or evidence of any fault or omission on the part of State Farm in any civil, criminal, or administrative proceeding in any court, arbitration forum, administrative agency, or other tribunal; and, (iii) are not and will not be deemed to be and may not be used as an admission of the appropriateness of these or similar claims for class certification.

24. <u>Reasonable Procedures to Effectuate the Settlement Agreement</u>. Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement Agreement that are not materially inconsistent with this Order or the Settlement Agreement, including making, without further approval of the Court, minor changes to the form or content of the Notice and other exhibits that they jointly agree are reasonable and necessary. The Court reserves the right to approve the Settlement Agreement with such modifications, if any, as may be agreed to by the Parties without further notice to the members of the Class.

25. <u>Schedule of Future Events</u>. The following are the deadlines by which certain events must occur:

| | |
|---|---|
| **September 8, 2016** [30 calendar days after the date of this order] | Deadline to Provide Class Notice |
| **October 10, 2016** [30 days after the Settlement Notice Date] | Deadline for Class Plaintiffs' Motion for Attorneys' Fees and Incentive Awards |
| **November 14, 2016** [67 days after the Settlement Notice Date] | Deadline for Class Members to file Objections or submit Requests for Exclusion |
| **November 30, 2016** [14 days before the Final Approval Hearing] | Deadline for Parties to File the Following:<br>(1) List of Class Members who Made Timely and Proper Requests for Exclusion;<br>(2) Proof of Class Notice and CAFA Notice; and<br>(3) Motion and Memorandum in Support of Final Approval, including responses to any Objections. |
| **December 14, 2016, at 8:30 am** | Final Approval Hearing |

SO ORDERED.

Dated: August 9, 2016

_____
Hon. Amy J. St. Eve
United States District Court Judge