# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JENNIFER SMITH, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | 1:13-cv-2018 |
| v. | ) | |
| | ) | Hon. Amy J. St. Eve |
| STATE FARM MUTUAL AUTOMOBILE | ) | |
| INSURANCE COMPANY, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**[PROPOSED] FINAL ORDER OF DISMISSAL AND JUDGMENT**

The Court having held a Final Approval Hearing on December 8, 2016, notice of the Final Approval Hearing having been duly given in accordance with this Court's Order (1) Conditionally Certifying a Settlement, (2) Preliminarily Approving Class Action Settlement, (3) Approving Notice, and (4) Setting Final Approval Hearing ("Preliminary Approval Order"), and having considered all matters submitted to it at the Final Approval Hearing and otherwise, and finding no just reason for delay in entry of this Final Order and good cause appearing therefore,

It is hereby ORDERED AND DECREED as follows:

1. The Settlement Agreement dated July 29, 2016 and amended on November 30, 2016, including its exhibits (the "Settlement Agreement"), and the definition of words and terms contained therein are incorporated by reference in this Order. The terms of this Court's Preliminary Approval Order are also incorporated by reference in this Order.

2. This Court has jurisdiction over the subject matter of the Litigation and over the Parties, including all members of the following Settlement Class certified for settlement purposes in this Court's Preliminary Approval Order:

> SETTLEMENT CLASS: All persons within the United States who received a non-emergency telephone call from Variable to a cellular

telephone through the use of an automatic telephone dialing system or an artificial or prerecorded voice, and whose Lead Information was transferred to a State Farm Agent between January 1, 2012 and October 1, 2013.

3. The Court hereby finds that the Settlement Agreement is the product of arms' length settlement negotiations between the Plaintiffs and Class Counsel, and State Farm and their counsel.

4. The Court hereby finds and concludes that Class Notice was disseminated to the Settlement Class Members in accordance with the terms set forth in Section VIII of the Settlement Agreement, and that Class Notice and its dissemination were in compliance with this Court's Preliminary Approval Order.

5. The Court further finds and concludes that the Class Notice procedures set forth in Section VIII of the Settlement Agreement fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, provided individual notice to all Settlement Class Members who could be identified through reasonable effort, and support the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Settlement Agreement and this Order.

6. This Court hereby finds and concludes that the notice provided by the Class Administrator to the appropriate State and federal officials pursuant to 28 U.S.C. § 1715 fully satisfied the requirements of that statute.

7. 1 (one) Settlement Class Member submitted a timely and proper Request for Exclusion. The Court hereby orders that this individual is excluded from the Settlement Class. This individual will not be bound by the Settlement Agreement, and neither will he be entitled to any of its benefits.

8. No Objections to the Settlement Agreement have been submitted.

9. The Court hereby finally approves the Settlement Agreement, the exhibits, and the settlement contemplated thereby, and finds that the terms constitute, in all respects, a fair, reasonable, and adequate settlement as to all Settlement Class Members in accordance with Rule 23 of the Federal Rules of Civil Procedure, and directs its consummation pursuant to its terms and conditions.

10. This Court hereby dismisses, with prejudice, without costs to any party, all claims against State Farm in the Litigation, as defined in the Settlement Agreement, and the Plaintiffs' individual claims against Variable, without prejudice to other Class Members' claims against Variable. This dismissal includes the dismissal with prejudice of the claims against State Farm in the Litigation of all current and former plaintiffs.

11. Upon final approval (including, without limitation, the exhaustion of any judicial review, or requests for judicial review from this Final Order of Dismissal), Plaintiffs and each Settlement Class Member, as well as their respective assigns, heirs, executors, administrators, successors, and agents, hereby release, resolve, relinquish, and discharge each and every one of the Released Parties from each of the Released Claims (as defined in the Settlement Agreement). The Plaintiffs and the Settlement Class Members further agree that they will not institute any action or cause of action (in law, in equity or administratively), suits, debts, liens, or claims, known or unknown, fixed or contingent, which they may have or claim to have, in state or federal court, in arbitration, or with any state, federal or local government agency or with any administrative or advisory body, arising from or reasonably related to the Released Claims. The Released Claims specifically extend to claims that Plaintiffs and Settlement Class Members do not know or suspect to exist in their favor at the time that the Settlement Agreement and the releases contained therein become effective. This Release shall be interpreted to the fullest

3

extent of *res judicata* principles. In addition, any rights of the Plaintiffs and each and every one of the Settlement Class Members to the protections afforded under Section 1542 of the California Civil Code and/or any other similar, comparable, or equivalent laws, are terminated.

12. All current and former plaintiffs in the Litigation and each and every Settlement Class Member, and any person actually or purportedly acting on behalf of any Settlement Class Member(s), is hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting, or enforcing any Released Claims (including, without limitation, in any individual, class or putative class, representative or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral, or other forum, against each and every one of the Released Parties. This permanent bar and injunction is necessary to protect and effectuate the Settlement Agreement, this Final Order of Dismissal, and this Court's authority to effectuate the Settlement Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

13. The Settlement Agreement (including, without limitation, its exhibits), and any and all negotiations, documents, and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation, or principle of common law or equity, or of any liability or wrongdoing by State Farm, or the truth of any of the allegations in the Litigation. The Settlement Agreement and any and all negotiations, documents, and discussions associated with it, will not be deemed or construed to be an admission by State Farm that the Litigation is properly brought on a class or representative basis, or that classes may be certified, other than for settlement purposes. To this end, the settlement of the Litigation, the negotiation and execution of the Settlement Agreement, and all acts performed or documents executed pursuant to or in furtherance of the Settlement

4

Agreement: (i) are not and will not be deemed to be, and may not be used as, an admission or evidence of any wrongdoing or liability on the part of State Farm or of the truth of any of the allegations in the Litigation; (ii) are not and will not be deemed to be, and may not be used as an admission or evidence of any fault or omission on the part of State Farm in any civil, criminal, or administrative proceeding in any court, arbitration forum, administrative agency, or other tribunal; and, (iii) are not and will not be deemed to be and may not be used as an admission of the appropriateness of these or similar claims for class certification.

14. If for any reason the Settlement Agreement terminates or final approval does not occur, then certification of the Settlement Class and any Orders entered in connection with the Settlement Agreement shall be deemed vacated. In such an event, the certification of the Settlement Class for settlement purposes shall not be considered as a factor in connection with any subsequent class certification issues, and the Parties shall return to the *status quo ante* in the Litigation, without prejudice to the right of any of the Parties to assert any right or position that could have been asserted if the Settlement Agreement had never been reached or proposed to the Court.

15. In the event that any provision of the Settlement Agreement or this Final Order of Dismissal is asserted by State Farm as a defense in whole or in part to any Claim, or otherwise asserted (including, without limitation, as a basis for a stay) in any other suit, action, or proceeding brought by a Settlement Class Member or any person actually or purportedly acting on behalf of any Settlement Class Member(s), that suit, action or other proceeding shall be immediately stayed and enjoined until this Court or the court or tribunal in which the claim is pending has determined any issues related to such defense or assertion. Solely for purposes of such suit, action, or other proceeding, to the fullest extent they may effectively do so under

applicable law, the Parties irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of the Court, or that the Court is, in any way, an improper venue or an inconvenient forum. These provisions are necessary to protect the Settlement Agreement, this Order and this Court's authority to effectuate the Settlement Agreement, and are ordered in aid of this Court's jurisdiction and to protect its judgment.

16. By attaching the Settlement Agreement as an exhibit and incorporating its terms herein, the Court determines that this Final Order complies in all respects with Federal Rule of Civil Procedure 65(d)(1). Capitalized terms in this Final Order shall have the same meaning as in the Settlement Agreement.

17. After reviewing Class Counsel's application for fees, costs, and service awards, the Court approves $_____ in attorneys' fees and costs, and approves $_____for each of the two (2) Settlement Class representatives (for a total of $_____) as service awards.

18. Upon the conclusion of the claims administration, the Claims Administrator shall provide the Court with a statement that all money in the Settlement Fund was distributed in accordance with the terms of the Settlement Agreement.

19. Finding that there is no just reason for delay, the Clerk of the Court is directed to enter this Order on the docket and enter final judgment pursuant to Rule 54(b) forthwith.

20. The Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation, and enforcement of the Settlement.

SO ORDERED.

Dated: _____   _____
                                                                       Hon. Amy J. St. Eve
                                                                       United States District Court Judge